## TANKERSLEY vs. CHILDERS et al.

1. Where there has been a conversion of property owned by several tenants in common, they may all waive the tort and join in assumpsit, or each one may bring a separate action for his interest without joining the others.

2. In assumpsit for money had and received, plaintiff must show some certain amount to which he is entitled; but if the evidence furnishes certain data from which, by an arithmetical calculation, the jury may ascertain the amount to which he is entitled, it is sufficient.

Appeal from the Circuit Court of Montgomery.

Tried before the Hon. Robert Dougherty.

Assumpsit by the appellees, James Childers, David W. Childers and Paschal W. Childers, against Felix M. Tankersley. The action was brought to recover plaintiffs' portion of the proceeds of certain bales of cotton, which the defendant, who was a constable, had seized and sold under an execution against David Childers : the declaration contained the common counts.

Elmore & Yancey, for plaintiff in error :

1. This action is for money had and received, and before the plaintiffs are entitled to recover, they must prove their claim to some specific sum.—Chitty on Contracts [6 ed.] 603, 604, 609.

2. The defendant, Tankersley, as constable, is entitled to retain the share of David Childers in the sum for which the cotton sold. But it is incumbent upon the plaintiffs to prove what share they are entitled to of that sum.—Hill v. Gibbs, 5 Hill 56.

3. The plaintiffs rest their claim on a contract, by virtue of which they occupied the lands of one Smyth, and, together with David Childers, made the cotton which Tankersley sold. By that contract Smyth was " to have one fourth of all the products of said lands, rented as aforesaid, after deducting all expenses for bagging, rope and hauling to market, which was to be in payment and satisfaction of the rent." The share of each party to this contract depends upon the amount of those

expenses. There was no proof of what those expenses were, and consequently the proof made by the plaintiffs did not entitle them to the charge given by the court, and defendant was entitled to the first and second charges asked for.—Hill v. Gibbs, 5 Hill 56.

4. Waiving the question as to the character of the contract as between the Childers and Smyth, as being immaterial in this point of view, it is clear that, as among themselves, the Childers were tenants in common of the products of the lands, or of the proceeds of the products. The levy upon and sale of the cotton by the constable, as property of one of the tenants in common, was a conversion of the cotton by the constable, and a tort, for which the other tenants in common could bring trover ; or, waiving the tort, they might affirm the sale, and sue for money had and received.—Upchurch v. Norsworthy, 15 Ala. 705; Crow v. Boyd's Adm'r, 17 Ala. 51; Tankersley v Smyth, 20 Ala. 212. The conversion of the cotton by the constable, and the affirmation of the sale by the parties in interest, operated as a severance of the interests of the tenants in common ; and therefore there was a misjoinder of parties in the action.— Parminter v. Kelly, 18 Ala. 716; Tankersley v. Smyth, 20 Ala. 212 ; 2 Caines 166. The misjoinder of plaintiffs, in actions *ex contractu*, may be taken advantage of at the trial, under the general issue.—1 Phil. Ev. 210; Cowen & Hill's Notes, 515, 516. Therefore the charge given was wrong, and the first and second charges asked for was improperly refused.

5. If, however, this contract is to be viewed as decided in Tankersley v. Smyth, 20 Ala. 212, viz., as creating a tenancy in common of the cotton among the Childers and Smyth, and it shall be held that the sale by the constable did not operate as a severance, then Smyth should have joined in the action.—Hill v. Gibbs, 5 Hill 56 ; Lane v. Dobyus, 11 Missouri, 105–6–7 ; Gilmore v. Wilbur, 12 Pick. 120 ; Fearer v. Spear, 2 Bibb 385. This being an action *ex contractu*, the non-joinder of plaintiffs need not be pleaded in abatement, but may be taken advantage of at the trial under the general issue.—1 Phil. Ev. 210 ; Cowen & Hill's Notes, 515, 516.

WATTS, JUDGE & JACKSON, *contra*, cited Smyth v. Tankersley, 20 Ala. 212, and contended that it was conclusive of this case.

PHELAN, J.—The action was *assumpsit* by three of the Childers to recover of the defendant their portion of the proceeds of the cotton which was sold by him as constable under an execution against David Childers, who, together with one Smyth and the plaintiffs, was a tenant in common of the cotton which he sold.

The right of the plaintiffs to waive the tort, the conversion, and sue in *assumpsit*, is not denied.   But it is insisted by plaintiff in error, that in this form of action all the parties in interest must join in action, and that they cannot sue if any number less than all join as plaintiffs.   This question of the right of any one tenant in common to waive a tort, and sue separately in *assumpsit*, was considered in the case of Smyth v. Tankersley, 20 Ala. 212, when we held that such right existed.   The general doctrine on this subject of non-joinder of plaintiffs, or the right to sue separately where a tort is waived, and parties sue in *assumpsit*, has since received a careful examination anew in the case of Smith's Ex'rs v. Wiley, 22 Ala. 396.   The court in that case arrive at the conclusion, as the result of sound reason and the best authorities, that when a conversion has been committed against several, all the parties in interest waiving the tort may join, if they like, in an action of *assumpsit;* but, that they are under no legal compulsion to do so, for that any number less than all, or any separate one, may bring *assumpsit* for his or their share or interest without joining the rest.   See the opinion of C. J. Chilton in that case, and the authorities there cited.

The next objection urged by plaintiff in error is, that the proof does not show any certain amount which the plaintiffs below were entitled to recover, and for which the jury could render a verdict; and that, therefore, the second charge requested by defendant below should have been given.

The principle for which plaintiff in error contends is conceded, that unless a plaintiff shows, in an action for money had and received, some certain amount to which he is entitled, he must fail.   But we do not see how it can be contended, that the case of the plaintiffs below, as presented by the record, labors under this defect.

The bill of exceptions shows that the following facts were proven :   That the plaintiffs and David Childers cultivated a

piece of land belonging to one Smyth, and were to give him one fourth of " all the products of the land as rent, after deducting all expenses for bagging, rope and hauling the cotton to mar-ket." The three bales of cotton levied on by defendant as a constable, by virtue of an execution against David Childers, were a portion of the crop or products of this land. This cot-ton, it was proven, weighed 2516 pounds, and sold for 9 cents per pound. There was no proof as to what was the expense of rope, bagging and the hauling to market of these three bales, but evidence was offered conducing to show that James B. and David W. Childers, two of the plaintiffs, had agreed to furnish Smyth's part of the rope and bagging and hauling to market, and to receive a credit for the same on a blacksmith account he held against them ; and it was shown that they had furnished the rope and bagging and hauling for Smyth under this con-tract. This proof, if believed by the jury, (and the court put the charge in that way,) did furnish certain data upon which the jury were enabled to render a verdict ; for it went to show that Smyth was entitled to one fourth of the entire proceeds of this cotton, and the other parties the other three fourths.— The jury, therefore, had only to make a calculation of the value of the cotton, deduct one fourth for Smyth, one fourth of the balance as the portion of David Childers, which the de-fendant was entitled to retain, and this would leave a sum certain, namely : the other three fourths of what remained after deducting Smyth's part, as the share to which the plain-tiffs were entitled. In view of this proof, the objection of plain-tiff in error is not well founded.

The foregoing observations cover the only assignments of error which have been urged, and as we find no error in the record, the judgment below is affirmed.