# DAVIS vs. ORME.

[STATUTORY ACTION TO RECOVER MONEY LOST ON HORSE-RACE.]

1. *Admissibility of hearsay to prove marriage.*—In a statutory action for the use of the wife of a person who has bet and lost money on a horse-race, (Code § 1563,) general reputation cannot be received, to prove that the beneficiary of the suit is the wife of the loser.

2. *Admissibility of husband's declarations as evidence against wife.*—In such action, the declarations of the husband, made after the bet was concluded, but before the race was run, to the effect that he had no interest in the wager, are competent evidence against the plaintiff.

3. *When statutory action lies.*—An action lies for the use of the wife, to recover money bet and lost by her husband on a horse-race, (Code, § 1563,) notwithstanding the fact that her husband's interest in the wager was purposely concealed from the defendant, because of his known unwillingness to make a bet with the husband, or on a race in which the latter was interested.

4. *Parties to such action.*—Where several persons are interested in money lost on a horse-race, an action may be brought for the use of the wife of any one of them, without joining the others, to recover her husband's portion of the money.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. NAT. COOK.

THIS action was brought by Daniel Davis, suing for the use of Mrs. Julian Davis, wife of James Davis, against Thomas J. Orme, to recover the sum of $400, alleged to have been won by the defendant from said James Davis, on the 20th August, 1857, as a wager on a horse-race; and was commenced on the 24th June, 1858. The defendant pleaded, "that he was never indebted in manner and form as plaintiff has complained against him." The rulings of the court on the trial are thus stated in the bill of exceptions:

"The plaintiff introduced evidence tending to show that, on the 20th August, 1857, a horse-race was run, near Hayneville in said county, between two horses, one of which belonged to the defendant, and the other to James

Davis v. Orme.

Davis; that the defendant and one Jones bet $400 on said race; that the defendant's horse won the race; that some little dispute afterwards arising about paying over the money to the defendant, he and Jones finally agreed, as a compromise and settlement of the dispute, that they would draw another $100 bet which they had made on another race, that the $400 won by the defendant should be paid over to him, and that he should pay $50 to Jones for the keeping of Davis' horse; and that this was accordingly done, and the money paid over to the defendant, on the day the race was run. The proof further tended to show, that the defendant and said James Davis had had a previous difficulty about a horse-race, and the defendant was unwilling to make any more bets on horse-racing with said Davis, or in any race in which said Davis had any interest; that said Davis, about one month before said race was run, handed $400 to one Robinson, and requested him to hand it to said Jones, for the purpose of making a bet on his horse against the defendant's; that Robinson handed said money to Jones, who used it, as above stated, in making said bet with the defendant,—Jones and Robinson each taking an interest of one hundred dollars in said bet, and Davis being interested to the amount of two hundred dollars; that the defendant inquired of said Jones and Robinson, at the time the bet was made and the money put up, whether said Davis had any interest in the race or bet,—saying, that he would have nothing to do with it if Davis was interested in it; that Robinson and Jones both assured him that the money belonged to Jones, and that Davis had no interest in it; that the defendant made the bet upon this assurance, and would not have made it if he had known that Davis was interested in the race; that Davis and Jones both knew the defendant's unwillingness to make a bet in which Davis was interested; that Davis put the money into Jones' hands, with the understanding that he should make the bet with the defendant in his own name, and should deny the interest of Davis in the same, for the purpose of inducing the defendant to make the bet; and there was no evidence that the defendant had any notice, until this suit was

brought, that the money bet by Jones, or any part thereof, belonged to Davis.

"The plaintiff proved, that James Davis now lived, and had lived for more than ten years, in Dallas county, Alabama; that there was a family of children in the house where he lived, and a lady who, on one occasion, was introduced by said Davis as Mrs. Davis; and that this lady, with the children, dined at the table with said James Davis and his guest. The plaintiff proved, by a witness who had resided in the neighborhood for the last ten years, that he had never known or heard any thing showing that this lady was not the wife of said Davis. Plaintiff then asked said witness, what was the common reputation about her being his wife. The defendant objected to this question, and the court sustained the objection; to which the plaintiff excepted. The court allowed the witness to be asked, what was the common reputation in the neighborhood on this point.

"The defendant proposed to prove, by a witness at whose house Davis kept his horse for several weeks before the race, that while Davis was keeping his horse with him, and after the bet had been made and the money staked, Davis said that he had no interest in the race. The plaintiff objected to this evidence, and, his objection being overruled, excepted. The witness testified, that Davis did say, during the time aforesaid, that he had no interest in the race.

"The court charged the jury, that if they believed from the evidence that Davis put the money in controversy into the hands of Jones, to make a bet upon a horse-race with the defendant, when he and Jones knew the defendant would not make the bet if he knew that Davis had an interest in it, and with the purpose and intention that Jones should represent the money to be his own, and thereby induce the defendant to make a bet which he would not make if he knew that Davis was interested in it; and that this money was bet by Jones with the defendant on a horse-race; and that both Jones and Davis denied that Davis had any interest in the bet; and that Jones represented to the defendant that the money was

his, and made the bet in his own name; and that Davis was not known to the defendant in the bet; and that the defendant believed, and was assured by Jones, that Davis had no interest in the bet, and would not have made the bet if he had known that Davis was interested in it,—then the plaintiff could not recover, although Davis was in fact a party interested in the bet."

The plaintiff excepted to this charge, and he now assigns it as error, together with the rulings of the court on the evidence.

D. W. BAINE, with J. D. F. WILLIAMS, for appellant. 1. James Davis was not a party to the suit, nor in privity with any party; nor was he in any sense the transferror of the cause of action. The wife's right of action is derived directly through and from the statute, and not from her husband; and there is no principle of law which jusfies the admission of his declarations to defeat her action.

2. The authorities do not confine the reputation, which is received to prove marriage, to the immediate neighborhood.—1 Greenl. Ev. § 128.

3. The charge of the court involves a misconception of the object and policy of the statute on which the action was founded. The statute was manifestly intended to suppress the evil practice of betting, and to prevent an improvident husband from gambling away his estate; an object which would be utterly defeated, if the husband can avoid the statute by merely employing the agency of another in carrying out his purpose. The husband's fraud cannot estop the wife, nor defeat her statutory rights. Nor can the defendant claim any benefit from the deception practiced on him, since he engaged in an illegal transaction at his peril.—Manning v. Manning, 8 Ala. 142; Givens v. Rogers, 11 Ala. 543. It is well settled, that where one contracts with an agent, in ignorance of his agency, the principal may nevertheless maintain an action. Story on Agency, § 420, and cases cited. Here, the plaintiff's rights, under the statute, are paramount to the rights of the principal, agent, or winner.

WATTS, JUDGE & JACKSON, *contra.*—1. That the declarations of James Davis, in disparagement of his own title, were competent evidence, see Brown v. Foster, 4 Ala. 284; Chisolm v. Newton & Wiley, 1 Ala. 371; Head v. Shaver, 9 Ala. 791.

2. In allowing evidence of common reputation in the neighborhood, to prove the marriage of James and Julian Davis, the court went as far as the authorities will allow.

3. Section 1563 of the Code, on which the action is founded, creates a right in the nature of a penalty; and the party who sues under it, must conform to its provisions. Davis neither bet any money with Orme, nor paid any money to him lost on a horse-race: on the contrary, Jones made the bet, and paid the money, and Orme knew nothing of Davis' interest in the money until the commencement of this suit. If Orme had lost the race, he might have sued Jones for the money, but not Davis; and there must be some mutuality in the construction of the statute.

4. If Davis can recover at all, Jones and Robinson ought to have joined with him, because they were all jointly interested in the wager.

STONE, J.—In refusing to receive evidence of general reputation that Julian Davis was the wife of James Davis, the circuit court did not err. That court went quite as far in receiving evidence on this point as the law allows. 1 Greenl. Ev. § 107; Shep. Dig. 561, §§ 101, 103.

[2.] Neither did the court err in receiving evidence of the admissions of James Davis, made after the terms of the bet were agreed on, and before the race was decided, that he had no interest in the bet. Mrs. Davis' right to recover depends on the establishment by her of the fact, that James Davis, her husband, had lost, and Mr. Orme had won, money which he, Orme, received. To make out her claim, she must show that, before and up to the time of the race, Mr. Davis had money, which, after the race, went to Mr. Orme. Claiming title through him, it necessarily follows, that whatever he said in disparagement of his title, pending the time during which she must and

does assert he had title, is legal evidence against her. Thomas v. Degraffenreid, 17 Ala. 602; Head v. Shaver, 9 Ala. 791; Shep. Dig. 583, § 1.

[3.] The present action was brought under the last of the following two sections of the Code: "§ 1562. All contracts, founded in whole or in part on a gambling consideration, are void; and any person who has paid any money, or delivered any thing of value, lost upon any game or wager, may recover such money, thing, or its value, by action commenced within six months from the time of such payment or delivery." "§ 1563. Any other person may also recover the amount of such money, thing, or its value, by action commenced within twelve months after the payment or delivery thereof, for the use of the wife; or, if no wife, the child or children; and if no child or children, the next of kin of the loser."

It is contended for appellee, and the circuit court so ruled, that inasmuch as the wager in this case was made by Mr. Jones, assuming to act in the premises for himself; that Mr. Orme refused to engage in the race, or make the bet with Davis; and that Orme, when the race was agreed on, was informed and believed he was dealing with Jones, and not with Davis,—then, although the money wagered and lost may have belonged to Mr. Davis, and although the plaintiff Julian may be the wife of said James Davis, still this action can not be maintained.

Section 1562 of the Code declares all contracts, founded in whole or in part on a gambling consideration, to be void. The wager, while it remained a wager, and up to the time when the money was, after the race, delivered to Orme, was wholly void; and $200 of the money wagered, on the hypothesis assumed in the charge, was, for all purposes, the money of Mr. Davis, subject to his control and direction, and liable to be recovered by him in a suit therefor. Mr. Jones, as to the $200, was but the agent of Mr. Davis, subject to his varying lawful directions, no matter how frequently given; and hence, Mr. Jones, in no sense, became the owner of the money. If Mr. Jones had deposited that money in the hands of a third person, or, if he had casually lost the same, and it had been found

by a third person, Mr. Davis could have maintained an action for its recovery.—Houston v. Frazier, 8 Ala. 81; Hitchcock v. Lukens, 8 Por. 333; Madden v. Smith, 3 Stew. 119; White v. Wood, 15 Ala. 358; Upchurch v. Norsworthy, ib. 705; Wilson v. Sargeant, 12 Ala. 778; Ivey v. Phifer, 11 Ala. 535; Allen v. Booker, 2 Stew. 21; Vandyke v. The State, 24 Ala. 81.

Although Mr. Davis was not known to Mr. Orme in the making of this wager, nevertheless it was his act. *Qui facit per alium, facit per se*.—English v. The State, 35 Ala. 428.

We think the facts supposed in the charge of the court could not have the effect of defeating this action. The evident policy of section 1563 of the Code was, that the wife, children, or next of kin, of one who had improvidently lost his property at the card-table, or on the race-course, might re-possess themselves thereof. The law is a cobweb, if its purpose can be defeated by the flimsey subterfuge of having the wager made by one, with the moneys of another.

[4.] There is nothing in the argument that, inasmuch as the wager in this case was a gross sum of $400, and it is only claimed that Mr. Davis owned $200 of the money, therefore a separate action can not be maintained for the several interests involved.—Tankersly v. Childers, 20 Ala. 212; S. C., 23 Ala. 781; Smith v. Wiley, 22 ib. 396.

The judgment of the circuit court is reversed, and the cause remanded.