# Burton *v*. Henry.

*Action for Breach of Special Written Contract.*

1. *Vendor's lien, as against sub-purchasers of different portions of land.*—When the purchaser of lands, not having paid the entire purchase-money, sells and conveys portions to different sub-purchasers, the entire tract is subject to the lien of the original vendor; but the sub-purchasers may require the portion retained by the original purchaser to the first sold, and the other portions afterwards in the inverse order of their alienation.

2. *Who may sue; whether contract is joint or several.*—A tract of land subject to an outstanding vendor's lien having been sub-divided by the purchaser, and separate portions sold to different persons, against one of whom he filed a bill to enforce his lien, after which a bill was filed against him and the several sub-purchasers to enforce the original lien; a purchaser of the parcel sold under the first decree afterwards bought the decree in the second suit, and, as part of the consideration, entered into a written agreement with all the parties to that suit, by which he promised to institute proper proceedings in it, by petition or otherwise, to have the equities of all the parties determined, as to the order in which their several portions should be sold, if necessary, with leave to each of them to propound his interest by petition or answer, and to appeal: *Held*, that though his agreement was made with all the defendants jointly, the interest of each was

[Burton v. Henry.]

several and distinct, and each might maintain a separate action for a breach, without joining the others.

3. *Nominal damages; demurrer to complaint.*—When the complaint shows a breach of a valid contract, and the plaintiff's right to sue on account of that breach, a demurrer to the complaint is improperly sustained, the plaintiff being entitled to recover nominal damages, although the special damages claimed are too remote and speculative.

4. *Damages for breach of special contract; when remote and speculative; costs and counsel fees.*—For the breach of a special contract, by which defendant, having become the purchaser of a parcel of land under a decree enforcing a vendor's lien, and afterwards bought a decree in favor of the original vendor of the entire tract, declaring a lien in his favor against the several sub-purchasers of the different parcels into which it had been divided, promised and agreed in writing with the several parties to that suit, as part consideration for the decree, that he would not enforce that decree, but would institute proper proceedings by petition, or otherwise, to have their respective equities determined as to the order in which the different parcels of land should be sold; having failed to institute such proceeding, and procured a sale of all the lands under the decree, except the parcel which he had bought under the former decree, becoming himself the purchaser at the register's sale; one of the sub-purchasers, who was a party to the contract, can not recover, as special damages, compensation for being deprived of the possession of his parcel of the land, nor counsel fees and court costs incurred and paid in resisting the confirmation of the register's sale, and in procuring a reversal of the chancellor's decree confirming it.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by John B. Burton against Sam. Henry, to recover damages for the breach of a written contract; and was commenced on the 17th August, 1887. The contract was dated August 1st, 1884, purported to be made "between Sam. Henry, Sarah A. Ward and W. J. Sibert, as administrators of O. W. Ward, deceased, W. P. Prickett, C. B. Maddox, and all the other defendants in the chancery decree hereinafter described;" was signed by said Henry, Sibert, Mrs. Ward, and the attorney of "all the defendants except W. P. Prickett," and contained the following provisions: "(1.) For and in consideration of the sum of $1,233.22, which is the amount of the decree hereinafter mentioned, with interest to date," and additional sum for the costs, "the said S. A. Ward and W. J. Sibert, as administrators, hereby transfer and assign to said Henry all their title and interest in, to and under the decree of the Chancery Court of Etowah county, of date Nov. 4th, 1883, in the case of S. A. Ward and W. J. Sibert, as administrators, &c., against W. P. Prickett, C. B. Maddox, and other children of J. W. Maddox, deceased, and their husbands; and said Henry takes said decree without recourse on said S. A. Ward or W. J. Sibert, as such administrators; and if it becomes necessary, in any further proceedings in said cause, for said Henry to use

[Burton v. Henry.]

their names because of this transfer, then he indemnifies them against all costs which may be adjudged against them by reason of said use of their names. (2.) It is further agreed that said Henry shall not, before the next term of said Chancery Court, proceed to sell the lands decreed to be sold, and now advertised, but shall, before the next term of said court, commence proceedings before said court, by petition or otherwise, to have said court determine and decree which parcel or tract of land (if either) shall first be sold to satisfy said decree and costs, and the order in which the other tracts must be sold, if necessary to satisfy the same. And it is agreed that said defendants in said chancery cause, or any one or more of them, may file counter petitions or answers, setting up what they may consider their rights to be in the premises; and evidence may be taken by either of the parties, in support or contradiction of each of said petitions or answers. It is consented that said Henry may file his petition in his own name, and that said court shall determine and settle the equities between the said defendants as among themselves, and between each and all of them and said Henry, provided that either party shall have the right to appeal to the Supreme Court from the decision of said Chancery Court; and provided, further, that nothing herein contained shall prevent any compromise the parties may hereafter agree on. (3.) It is further agreed that said Henry shall have all the rights and privileges, either in law or in equity, to enforce said decree, as we, said S. A. Ward and W. J. Sibert, could exercise ourselves."

The complaint contained two counts. The first count set out the written agreement; alleged that the plaintiff was one of the defendants in said chancery decree, and one of the parties to the agreement; alleged, also, as a breach, that the defendant did not commence proceedings in said Chancery Court, before its next term, to have the equities of the parties settled as stipulated, and had never instituted such proceedings; and claimed, as damages resulting from such breach, "that plaintiff has been deprived of the use and enjoyment of a certain farm, known as the 'Burton place,' from January 1st, 1885, to the present time, and has been compelled to expend $1,000 as attorney's fees, and $500 paid in costs of court, and has suffered other injuries," &c. The second count stated the facts which preceded and induced the written agreement between the parties, substantially as they are stated in the opinion of the court, and as shown by the reports of the former cases (75 Ala. 315; 82 Ala. 540); alleged that the defendant *maliciously* violated his agreement—failed to institute proceedings to have the equities of the parties determined, procured a sale of all the

[Burton v. Henry.]

lands, except the parcel which he had bought, to be made by the register; became himself the purchaser, resisted the defendants' efforts to prevent a confirmation of the sale, and compelled an appeal to the Supreme Court, where the chancellor's decree was reversed, and the sale ordered to be set aside; and it claimed damages as in the first count.

The defendant demurred to the whole complaint, (1) because one count was in assumpsit and the other in case, and (2) because plaintiff showed no right of action in his own name alone; and also to each count, because the damages claimed were remote and speculative. The court sustained the demurrer, on the grounds (1) that the plaintiff could not sue alone, and (2) that the damages claimed were remote and speculative. The judgment on the demurrer is now assigned as error, the plaintiff declining to amend.

A. E. GOODHUE, for appellant.—(1.) The action is not founded on a penal bond in favor of several obligees, where a recovery by one might exhaust the penalty, and leave the others without remedy; but on a written contract by and between several persons, asserting separate and distinct antagonistic interests, and it gives to each a right of action in his own name. Chitty's Pleadings, 16th Amer. ed., 9, 10, 12; *Boyd v. Martin,* 10 Ala. 701; *Gayle v. Martin,* 3 Ala. 593; *Timberlake v. Rosser,* 78 Ala. 162; 83 Ala. 384. (2.) As the complaint shows a breach of the contract sued on, and plaintiff's right of action in his own name, he was entitled to recover nominal damages at least.—83 Ala. 384; 75 Ala. 171. (3.) The special damages claimed are neither remote nor speculative, but are the natural and direct consequences of the breach complained of. Indeed, it is difficult to imagine what damages could have been more direct, or more probably within the contemplation of the parties.—1 Sedg. Damages, 7th ed., mar. 181; 1 Suth. Damages, 140; 117 Mass. 433; 13 Gray, 515; *Pond v. Harris,* 113 Mass. 114; 18 C. B. 786; *Snodgrass v. Reynolds,* 75 Ala. 452. As to the recovery of counsel fees as an element of damages, see *Greenwood v. Seay,* 21 Ala. 491; *Bullock v. Ferguson,* 30 Ala. 227; *Ferguson v. Baber,* 24 Ala. 402. (4.) As to the recovery of damages under the second count, see *Herring v. Skaggs,* 62 Ala. 188; Chitty on Contracts, 684; Field on Damages, §§ 62-63.

W. H. DENSON, *contra.*—(1.) The plaintiff can not maintain the action in his own name alone.—*Harrison v. Swanson,* 62 Ala. 299; *Lovins v. Humphries,* 67 Ala. 440. (2.) The special damages claimed in the first count are too remote.—*Griffin*

[Burton v. Henry.]

v. *Glover*, 16 N. Y. 489; *Hamilton v. McPherson*, 28 N. Y. 72, 76; *Cahall v. Build. Asso.*, 74 Ala. 539; *Daughtery v. Telegraph Co.*, 75 Ala. 168, and 79 Ala. 168; *Culver v. Hill*, 68 Ala. 66; 14 Wall. 570; *Hooper v. Armstrong*, 69 Ala. 343; *Pollock v. Gantt*, 69 Ala. 373; *Burton v. Holley*, 29 Ala. 318; *Brigham v. Carlisle*, 78 Ala. 248; *Street v. Sinclair*, 71 Ala. 110. As to the recovery of court costs and counsel fees, see *Copeland v. Cunningham*, 63 Ala. 394; *Bolling v. Tate*, 65 Ala. 423; *Ewing v. Blount*, 20 Ala. 694. (3.) To authorize a recovery under the second count, proof of malice is essential.—75 Ala. 139; 79 Ala. 176.

McCLELLAN, J.—John Ralls sold a tract of land to Justinian Maddox, Oct. 26, 1872, and, for a part of the purchase-money thereof, took a note for $1,100, which afterwards became the property of one Ward. Maddox subsequently, and at different times, sold parts of the tract to John H. Burton, and Prickett *et al.*, respectively. Ward filed a bill to enforce his vendor's lien, and obtained a decree ordering sale of the entire original tract. The representatives of Justinian Maddox, he having died, also obtained a decree against Prickett *et al.*, enforcing the lien for purchase-money due on that part of the tract sold to them. A sale was had under this last mentioned decree, subject to the superior lien of Ward, and Sam. Henry, the defendant and appellee in this case, became the purchaser. Thereupon, said Henry also purchased Ward's decree covering the whole tract, and, as a part of the consideration therefor, agreed with Ward, Burton, Prickett *et al.*, not to enforce said decree before the next term of the Chancery Court of the district; and that before said next term he would commence proceedings before said court, " by petition or otherwise, to have said court determine and decree what parcel or tract of said lands (if either) shall first be sold to satisfy said decree and costs, and the order in which the other tracts must be sold, if necessary to satisfy the same." It was further agreed, that " the defendants in said Chancery Court," *i. e.*, the original and sub-purchasers of the land, "or any one or more of them, may file counter petitions, or answers, setting up what they may consider their rights to be in the premises, and evidence may be taken by either of the parties in support or contradiction of each of said petitions or answers." Henry, it was consented, might file the petition required by the agreement in his own name, and the court was to "determine and settle the equities between the said defendants among themselves, and between each and all of them and said Henry, provided that each party shall have the right of appeal," &c.

[Burton v. Henry.]

The present action is instituted by Burton, one of the parties to the agreement, and seeks to recover damages for a breach thereof on the part of Henry, in that he not only failed to file the petition, as by the terms of the instrument he bound himself to do, but also that he executed the decree without having the equities of the parties, as to the order in which the several tracts should be sold, settled and determined by the Chancery Court, at the sale thereunder directed and induced the register to sell all the land, except that part which had been previously bought by him under the Maddox decree, and himself became the purchaser and went into possession of all the lands. The special damages alleged consist of the loss of the use of the parcel of land which plaintiff had purchased, and of attorney's fees and costs expended in resisting the confirmation of said sale, and in having the decree confirming the same reversed by this court. The case went off below on demurrers to the complaint.

The first ground of demurrer to each count proceeded on the theory, that the promise of Henry was made to all the defendants in the cause jointly, that their interest in the contract and its subject-matter was a joint interest, and, therefore, an action for a breach of the contract could only be maintained in the names of all the contractees. These demurrers were sustained, the court holding that Burton could not sue alone. This ruling was, in our opinion, erroneous. The contract, while nominally enuring to all the promisees, *i. e.*, made with all of them, shows upon its face distinct and several rights were intended to be secured. Not only so, it is very clearly indicated that these separate rights may be separately asserted. Moreover, the interest of the promisees is not only not joint, but is, in the very nature of things, even aside from the language of the instrument, adverse each to the other, and the proceedings provided for by the agreement, for the effectuation of whatever equities the parties respectively had in the subject-matter, whether as between them, or any one of them, and Henry, and also as between themselves, are directly adversary in character. The most casual consideration of the facts outlined above will demonstrate this to be true. Henry's decree covered several parcels of land, each and all of which could be sold, if necessary to its full satisfaction. The several parcels were held by different persons, one tract still being held by the original vendee. By reason of conveyances by the original vendee at different times to these persons, an equity in favor of such purchasers arose, entitling them to have the land still held by the original purchaser first sold, and if that was not sufficient to pay the decree, then the other tracts should

be sold in the inverse order of their alienation by the first vendee. The interest of the holder of each parcel, it is thus manifest, was essentially adverse to every other, and the immunity of each from the burden which, in certain contingencies, rested on all, depended upon having the decree satisfied by a sale of the other's property. The anomaly of requiring all the contractees to join in this action, is illustrated by assuming a state of facts which might well have arisen under this contract. Let it be supposed that Henry, having failed to have the priorities settled among the defendants, had proceeded to execute and satisfy his decree by the sale of the tract held by the first alienee of the original vendee, without proceeding at all against the original purchaser or his last vendee, the parcel of both of whom should have been first resorted to. Here, the rule insisted on would require the first alienee to join with himself as plaintiff, in an action for a breach of the contract, other parties, all of whose interest lay in, and were to be subserved by, sustaining the very act, or failure to act, of which he complains, and by which he alone is injured, they being not only not injured, but receiving affirmative benefit therefrom. We know of no rule of pleading which requires the joinder of all the promisees under the facts disclosed in this complaint, but, on the contrary, we conceive the law to be well settled to the contrary.—Chitty on Pleading, pp. 9-13; *Boyd v. Martin*, 56 Ala. 336.

The appellant, therefore, having a right to maintain this suit in his own name, the averment of the existence and breach of a valid contract presented a case which, if proved, entitled him to nominal damages, regardless of the allegations of special damages; and the error committed in the ruling of the trial court on the first ground of demurrer to each count, necessitates a reversal of the cause, whether the special damages alleged are recoverable or not.—*Timberlake v. Rosser*, 78 Ala. 162; *Drum v. Harrison*, 83 Ala. 384; *Daugherty v. Amer. Union Tel. Co.*, 75 Ala. 171.

There was no error in the rulings of the trial court on those grounds of demurrer which went to the sufficiency of the allegations of the complaint as to the special damages sustained by the plaintiff by reason of the breach of the contract. The undertaking of defendant was to file a petition in .the Chancery Court, for a decree determining the order in which the several parcels of land constituting the tract against which the decree passed, should be sold. This undertaking was violated, it is alleged, by the failure and omission of Henry to file said petition; and this failure is the foundation of the present suit. Henry subsequently proceeded to execute his decree, without

[Burton v. Henry.]

having the order of sales of the several parcels determined, and sold the whole tract, except that part which he had previously bought under a decree which enforced a secondary lien, became, as we have seen, the purchaser, and went into possession. The special damages claimed resulted from plaintiff's being deprived of the enjoyment of the parcel of the land formerly held by him, and from expenses incurred by him for court costs and counsel fees in resisting a confirmation of this sale. These damages are too remote. They do not come within the rule, frequently laid down by this court, and of almost universal acceptance in other jurisdictions, that the damages claimed must be the natural and proximate consequence of the breach alleged, such as would result in the usual course of things, and hence must be held to be in contemplation of the parties, as distinguished from collateral injury, or loss springing out of special circumstances not usually attendant upon such transactions, and which therefore could not be held to have been in the minds of the contracting parties. *Daugherty v. Amer. Union Tel. Co.*, 75 Ala. 168; *Culver v. Hill*, 68 Ala. 66; *Brigham v. Carlisle*, 78 Ala. 243.

It is quite apparent from the complaint, that the injuries thus specially complained of were not the natural and proximate result of the breach alleged. Plaintiff was deprived of the land, not proximately by defendant's failure to file the petition, but by reason of other and affirmative action on the part of Henry. Moreover, had the petition been filed, and all the equities among the contractees fully settled, *non constat* but the same result as to the sale of plaintiff's land would have ensued, and he to the same extent now averred have been deprived of its use and enjoyment. The complaint, therefore, not only fails to show that the failure to file the petition was the efficient cause of this item of damage, but it affirmatively shows the injury moved from another cause, and that so far from the breach alleged being the necessary and natural cause of the loss, the damage might have followed, as necessarily and naturally, from a strict performance of the contract.

So, too, in respect to counsel fees. The expenditure in that behalf was not rendered necessary by defendant's omission in regard to the petition, but by his independent, affirmative and subsequent act of making, and becoming the purchaser at, a sale of the land, the confirmation of which Burton conceived it to be his interest to contest. The necessity for this contest patently arose from the defendant's affirmative conduct in regard to the sale, and not from his passive omission to file the petition required by the contract. Damages resulting from

[Kellar v. Taylor.]

such an intervening cause, and partly from the alleged breach, in such sort that, in the absence of either, the injury would not have been sustained, are not recoverable.—*Burton v. Pinkerton*, 2 Exch. 340 ; *Warwick v. Hutchinson*, 16 Vroom, (N. J.) 61 ; *Cahall v. Citizen's Mut. Association*, 74 Ala. 539.

While there are some cases to the contrary, the great weight of authority is to the effect, that counsel fees and court costs incurred or expended in the prosecution or defense of suits occasioned or rendered necessary by a breach of contract, are not recoverable in actions *ex contractu*. There are certain well established and defined exceptions to this rule—such as actions on injunction and attachment bonds, and the like, actions on covenants of warranty or of seizin, where there has been an eviction reasonably resisted by the grantee, &c.—but the present case is not one of them. Expenditures of this class, though growing out of the alleged breach, in the sense that had there been no breach the occasion for them would not have arisen, are yet too remote to have been in the contemplation of the parties, and hence do not constitute an element of legal damage when the suit is on the contract, though the rule might be otherwise if the action were in case, setting out the contract as inducement merely.—*Marvin v. Prentice*, 94 N. Y. 295 ; *Winkler v. Roeder*, 8 Amer, St. Rep. 155, 158, (n) ; *Copeland v. Cunningham*, 63 Ala. 394.

For the error pointed out above in sustaining the first ground of demurrer to each count of the complaint, the judgment of the Circuit Court must be reversed, and the cause remanded.

Reversed and remanded.