# Jones *v.* Alder.

## *Breach of Lease Contract.*

(Decided November 21, 1911.  56 South. 577.)

*Parties; Joinder; Contracts.*—Where the contract alleged was that the defendant had agreed with plaintiff and another, to place a stable rented to them in first class repair, and that by reason of defendant's failure to repair a horse of plaintiff was seriously injured, etc., the complaint was demurrable for a failure to join, the co-contracting party as a party plaintiff.

(McClellan, J., dissents.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mrs. Inez B. Jones against Ike Adler. Judgment for defendant on demurrer, and plaintiff appeals. Affirmed.

The complaint is as follows: Count 1: "Plaintiff claims of the defendant $2,000 as damages, for that heretofore, plaintiff being a party to said contract of lease by which defendant leased plaintiff and her mother one stable No. 1520 Second avenue for occupation by them as a stable, in Birmingham, Ala., defendant in said lease agreed to put floors, fencing in said building, in first-class repair, and it became and was the duty of defendant so to do; but, notwithstanding said duty, the defendant so negligently conducted itself in that regard that the floor of said building was not put in first-class repair, and as a proximate consequence thereof a stallion, the property of the plaintiff, was severely hurt [here follows catalogue of injuries], and plaintiff was put to great trouble, inconvenience, and expense in or about her efforts to heal and cure said wounds and said injuries." Count 2 is the same as 1,

except that it is averred that the defendant so negligently conducted himself in that regard that the floor, fencing, and front of said building were not put in first-class repair, and concludes as does count 1.  .

After demurrers sustained to the first count, it is amended as follows: "Defendant in said lease agreed on, to wit, August 1, 1906, for a valuable consideration, to put the floors, fencing, and front of said building in first-class repair, and it became and was the duty of the defendant so to do within a reasonable time, and not to cause or allow said stable to be or become highly dangerous to plaintiff's horse kept in said stable, by reason of said floor not being put in first-class repair; but, notwithstanding this duty, defendant so negligently conducted himself in that regard that the floor of said building was not put in first-class repair within a reasonable time, and the defendant thereby negligently allowed or caused said floor to be or become highly dangerous to plaintiff's horse kept in said stable, and as a proximate consequence thereof." This count begins and closes as original count 1.

The third count, added by way of amendment, is the same as the amended first count, except as to the allegation of lease, which is as follows: "Defendant leased the plaintiff and another, not as partners, but as individuals, for occupation by them as a stable, and not otherwise, for and during a time of 12 months, to wit, from August 1, 1906, to August 1, 1907, the following premises," etc.

The point in the demurrer was that the necessary parties plaintiff were not joined; it appearing that there are two parties with whom the lease contract was made, and the cause of action was entire and joint; and other causes were as to the insufficiency of the allegation of the breach of duty.

BOWMAN, HARSH & BEDDOW, for appellant. The court erred in sustaining demurrers to the complaint, as the lease was executed to the two parties as individuals and not as partners, the damage occurring to the property of an individual, and not being a breach of the lease itself, but a consequence flowing from the breach.—*Masterson v. Phinizy*, 56 Ala. 336; *Burden v. Henry*, 90 Ala. 281.

ULLMAN & WINKLER, for appellee. Both parties to the contract should have been joined in a complaint on the contract.—*Masterson v. Phinizy*, 56 Ala. 336; *Smith v. Mutual L. & T. Co.*, 102 Ala. 284; *Painter v. Munn*, 117 Ala. 338. The complaint is in form ex contractu.— *Mobile L. I. Co. v. Randle*, 74 Ala. 170; *Wilkerson v. Mosely*, 18 Ala. 288; *Baldwin v. K. C. M. & B.*, 111 Ala. 515; *Tallassee F. M. Co. v. Western Ry.*, 23 South. 136; *Sharp v. Nat. Bank*, 7 South. 106. The plaintiff should have brought the suit in the name of the two tenants, for the use and benefit of the one who suffered the injury.—*Weeden v. Jones*, 106 Ala. 340; *Strickland v. Burns*, 14 Ala. 511.

SIMPSON, J.—This action is by the appellant for damages on account of injury to a horse, which, it is claimed, resulted from the failure of the defendant to place suitable floors in a stable which had been leased by the defendant "to plaintiff *and another.*" In other words, the action is brought by only one of the contracting parties, and the questions raised by the assignments of error relate only to the action of the court in sustaining demurrers to the several counts of the complaint. It will be noticed that each of the counts of the complaint rests upon the failure of the defendant to do what he had contracted to do, and not upon the omis-

sion of any duty implied or growing out of the relations between the parties. The counts are all on the contract, and not in case.—*Wilkinson v. Moseley,* 18 Ala. 288; *Mobile Life Insurance Co. v. Randall,* 74 Ala. 170; *Baldwin v. K. C., M. & B. R. R. Co.,* 111 Ala. 515, 20 South. 349.

It matters not whether the plaintiffs were partners or not. The contract set out in the complaint was made with them jointly, and there is no intimation of a separate agreement of lease with each of them, or of any severable interest in either. The only right that both or either of them had to demand that the floors be put in was solely by virtue of the contract, and not on account of any duty otherwise owed. "Where a promise is made to two or more persons jointly all the obligees must unite as plaintiffs. This rule is not affected by the fact that some of such obligees have no real beneficial interest in the recovery."—15 Ency. Pl. & Pr., pp. 528-530; *Boyd & Walk v. Martin & Bolling,* 10 Ala. 700; *Gayle et al. v. Martin et al.,* 3 Ala. 593, 598; *Miller v. Garrett,* 35 Ala. 96, 100; *Masterson v. Phinizy,* 56 Ala. 336, 339. In the case last cited, this court, speaking through Brickell, C. J., said: "The covenant or obligation is joint, or joint and several, or several, according to the nature of the interest disclosed within its *four corners.* The action must follow the nature of the interest. There is no right of election in the obligees, to sue upon it severally or jointly, because of the damages resulting from its breach." Also that, to authorize a several suit, "it must be manifest that it was intended a separate and distinct duty should arise to each of them" (56 Ala. 339); and again, that "the averment that the appellee alone has sustained damage cannot change the character of the obligation, or the nature of the interest it creates," etc. (56 Ala. 340).

The decision in the case of *Burton v. Henry,* 90 Ala. 281, 286, 7 South. 925, 926, is based distinctly on the principle that the contract "shows upon its face distinct and several rights were intended to be secured," and "very clearly indicated that these separate rights may be separately asserted," and that "the interest of the promisees is not only not joint, but is, in the very nature of things, even. aside from the language of the instrument, adverse each to the other, and the proceedings provided for by the agreement, for the effectuation of whatever equities the parties respectively had."—90 Ala. 286, 7 South. 926. In the case of *Smith et al. v. Mutual Loan & Trust Company et al.,* 102 Ala. 282, 285, 286, 14 South. 625, 626, although the bond gave a right of action "to any person" damaged by the dissolution of the injunction, yet this court held that the suit should be brought in the name of the payees for the use of the person injured. To the same effect is the case of *Painter et al. v. Munn et al.,* 117 Ala. 323, 338, 23 South. 83, 67 Am. St. Rep. 170.

There was no error in sustaining the demurrer to the several counts of the complaint. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN, J., dissents, on the ground that the counts are in case, under the rulings in *White v. Levy,* 91 Ala. 175, 8 South. 563, and *Western Union Telegraph Co. v. Krichbaum,* 132 Ala. 535, 31 South. 607. MAYFIELD, J., also thinks that the counts are in case, but concurs in the conclusion, because he thinks the parties would have to join in either event; the tort depending on the contract.