144 So. 122

### WOODSON v. WILSON.
### 6 Div. 155.

Court of Appeals of Alabama.
Nov. 1, 1932.

242

G. P. Benton, of Fairfield, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

SAMFORD, J.

The complaint was in two counts, claiming against the defendant $375 for certain material furnished by plaintiff to defendant's tenant for the repair and improvement of defendant's building described in the complaint. The lease of the property was in writing signed by both parties, and among other things contained the following stipulation and agreement:

"Rental.
1st six months .......... $15.00 per month
2nd six months ...........$25.00 per month
Next twelve months .......$35.00 per month

"It is agreed by the tenant, that he is to do the following repairs on said building; Repair the roof. Plaster the whole building. Repair plumbing. Put in new front, and repair the back end of the building. Fix electric wiring. All this work to be first class workmanship, and to be paid for by the tenant. The tenant also agrees to pay the landlord on presentation of the invoice from the Insurance Company, any additional Fire Insurance premium due on account of increase in rate due to location of Dry Cleaning Plant in the Building or on the premises.

"P. K. Gibbs
"Tenant
"F. M. Wilson
"Landlord."

The complaint was demurred to on many grounds raising the following questions: (1) A nonjoinder of the tenant as a party defendant; (2) insufficient description of the property upon which a lien was sought; (3) an insufficiency of allegation as to filing the lien sought with the judge of probate; (4)

a failure to allege the agency of the tenant so as to bind the landlord.

The court sustained the demurrer and, the plaintiff failing to plead further, judgment was rendered for the defendant, and from this judgment the plaintiff appeals.

As to (1): The primary obligation for the material furnished rests upon the lessee, and a lien is sought under section 8834 of the Code of 1923 on the interest of lessee. He is a necessary party to the suit, and the ground of demurrer raising this point was properly sustained.

As to (2): We are of the opinion that the description of the property on which a lien is sought is sufficient, and that this ground of demurrer is not well taken.

As to (3): The allegation in the complaint that: "The plaintiff did on the 6th day of November, 1930, file in the office of the judge of probate of Jefferson County a mechanic's lien, according to law," was a conclusion of the pleader and as such was subject to the demurrer. Ingram et al. v. Howard et al., 221 Ala. 328, 128 So. 893.

As to (4) and (5): While the section of the Code, section 8834, supra, furnishes a lien in certain cases where material is furnished a lessee, it was never intended that the lessee should have power to bind the interest of the lessor. He can only bind the improvements or erections which are capable of both identification and practical severance, and the leasehold estate. But, when the lien attaches to the leasehold interest, it is subject to all the conditions of the lease. As in this case, while plaintiff may be entitled to a lien on the improvement, such lien extends only to the interest of the lessee, who was obligated by the lease to make these improvements, and, if plaintiff enforces a lien against the lessee, and takes over his interest, he also accepts the burdens under the lease, which are that he will pay the rent and make the improvements. These grounds of demurrer were also well taken.

There is no error, and the judgment is affirmed.

Affirmed.