160 So. 692

## BECKER ROOFING CO. v. PIKE.
### 6 Div. 700.

Supreme Court of Alabama.
March 21, 1935.

Rehearing Denied April 25, 1935.

Thomas Seay, of Birmingham, for appellant.

Fred G. Koenig, of Birmingham, for appellee.

BOULDIN, Justice.

The action is to recover damages for breach of contract to cover plaintiff's residence with Becker Roofing, with warranties of material and workmanship, and covenants to repair any leaks from "(a) Windstorm, (b) Hail, (c) Defective material, (d) Faulty workmanship."

Count C, on which the cause was tried, was not subject to objection on the ground of departure from the original cause of action set up in count 1.

The contract was in three parts or instruments: (1) A written order for a specified roof on a specified building at a specified price, signed by the owners; (2) a written warranty and covenant to repair leaks, styled a "Guarantee," signed by defendant, Becker Roofing Company; (3) a "Guarantee Policy" executed by the Fidelity & Casualty Company of New York, by which the "Guarantee" of the roofing company was insured or guaranteed by the Fidelity Company. The pertinent provisions of these documents will be found in the reporter's statement.

These several documents are set out in each of the counts. The alleged breaches in both counts include defective material and workmanship, and failure to repair leaks on notice.

Count 1 joined the Fidelity Company as a party defendant, and sought to so frame the count as to disclose the liability of both parties, while count C eliminates the Fidelity Company and proceeds against the roofing company alone.

There was no change of the cause of action. Code, § 9513.

The suit is by C. E. Pike, sole plaintiff.

The written order was signed by C. E. Pike and Mrs. C. E. Pike, as owners. The evidence discloses they are joint owners. One of the documents, part of the transaction, recites the roof was laid "for C. E. Pike."

Appellant insists the action should have been brought in the name of both husband and wife.

The general rule is that all obligees to joint contract in writing must be joined as plaintiffs in an action thereon, although the

damages for breach, or some elements thereof, shall accrue to one of such obligees. Beatty et al. v. McMillan, 226 Ala. 405, 147 So. 180; Jones v. Alder, 175 Ala. 80, 56 So. 577; Alabama Power Co. et al. v. Hamilton et al., 201 Ala. 62, 77 So. 356; Smith et al. v. Mutual Loan & Trust Co. et al., 102 Ala. 282, 14 So. 625; Gayle et al. v. Martin, 3 Ala. 593, 596, 597.

■ A plea in abatement is the appropriate method of raising the question of nonjoinder, especially where the complaint does not disclose such fact.

■ If, as here, the contract is set out in the complaint, the objection for nonjoinder may be taken by demurrer. If the point is not raised by demurrer or by plea in abatement in such case, the point is waived. Painter et al. v. Munn et al., 117 Ala. 322, 23 So. 83, 67 Am. St. Rep. 170; Morningstar v. Querens, 142 Ala. 186, 37 So. 825; Berlin v. Sheffield Coal, Iron & Steel Company, 124 Ala. 522, 26 So. 933.

Conceding, for the purposes of the question in hand, that the instant case is within the general rule above, we find none of the grounds of demurrer raise the question of nonjoinder of parties plaintiff. None of them so direct the attention of the trial court and opposing party to such question as to put the court in error in his ruling on demurrer. There was no plea in abatement.

■■ If the complaint counts on a contract running to the plaintiff, as sole obligor, objection to a contract to joint obligees on the ground of variance would be good. But here, the contract is set out in the complaint, and a breach of same made the basis of the suit. The objection to the introduction of the contract in evidence on the ground of variance, or not within the issues, was, therefore, not well taken.

■ Under the rule declared in F. Becker Asphaltum Roofing Co. et al. v. Murphy, 224 Ala. 655, 141 So. 630, damages for mental suffering was a matter for the jury's consideration in this cause.

Not going into all the details, the evidence for the plaintiff tended to make a case strictly analogous to that stated in headnote 5 in the Murphy Case, supra.

Charges Nos. 14 and 19 were, therefore, refused to defendant without error.

■ In view of certain phases of the evidence tending to show leaks in the roof causing the falling of plastering and other injuries, such as water stains on ceilings and walls, charges Nos. 10 and 11 refused to defendant placed too high a duty on plaintiff, in requiring him to find and point out the leaks where water came through the roof, or otherwise entered because of defective construction of the roof.

On notice and full opportunity to inspect and repair, it was rather the obligation of the roof man to locate the defects and remedy them.

■ The requirement of written notice of leaks was waived in view of undisputed evidence that notice by repeated telephone calls from Mrs. Pike was accepted, promises made to repair, followed by efforts to repair, which, according to plaintiff's evidence, were abortive.

■ There was some evidence that plaintiff contracted cold from the dampness and discomfort of his home by the leaks complained of.

Charge 8 was refused to defendant without error.

■ In view of a stipulation that the "guarantee" should "become void in the event of a failure of the roof purchaser to fulfill the terms of this contract of purchase," and the averment in the complaint that plaintiff had fulfilled all the terms of said contract of purchase, there was no error in admitting evidence of the payment of the contract price for the roof, including the receipt therefor given to C. E. Pike.

We have considered other rulings on evidence, and find no merit in same. No special discussion need be indulged.

The same applies to objections to argument of counsel.

The evidence touching the extent of damages, including annoyance, inconvenience, mental hurt through a long period of time, presented a clear jury question. On many points the credibility of witnesses was at issue. We are not so clearly convinced of error in refusing to set aside the verdict, or in failure to further reduce the amount thereof, as to warrant a disturbance of these rulings. We must indulge the well-known presumption in such matters.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.