34 So.2d 580

**GORE v. GORE et al.**

**5 Div. 448.**

Supreme Court of Alabama.

Feb. 19, 1948.

Rehearing Denied April 15, 1948.

J. B. Atkinson, of Clanton, for appellees.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

FOSTER, Justice.

This is a suit by certain tenants in common against one of them for the failure to comply with the terms of his purchase of certain lands belonging to the heirs of John H. Gore, which were ordered to be sold for division by decree of the circuit court, in equity, and bid in by appellant. Upon such failure another sale was ordered to be made, and at such sale a less amount was bid by another, whose bid being the

best, the sale was made to him and confirmed.

The land was inherited by four children in equal parts: Robert Gore, Will Gore, Martha Jane Cox, and Albert Gore, deceased, whose heirs represent his share.

This suit was begun by the heirs of Albert Gore against Robert Gore, another tenant in common, who was the purchaser who failed to comply with the terms of his bid. Martha Jane Cox came in voluntarily and made herself a party plaintiff. Pending the suit Will Gore, who was not a party at the beginning, was brought in as plaintiff by amendment over his refusal voluntarily to do so, and upon compliance with section 135, Title 7, Code. Later he died, and his heirs were likewise brought in as parties plaintiff. During the progress of the trial plaintiffs' counsel stated that plaintiffs were not claiming any money out of Robert Gore (defendant) for Will Gore or his estate.

The court charged the jury that plaintiffs' counsel were not asking to recover except for the pro rata amount to which the heirs of Albert Gore, deceased (as plaintiffs) are entitled, which is one-fourth of the damages: that the other heirs are waiving their right to claim any damage, which would not bar the other plaintiffs who are the heirs of Albert Gore from recovering their interest. And gave the jury a form of verdict if they find for plaintiff, in substance to find for the Albert Gore heirs, by name, and to assess their damages at some amount, and "we further find for plaintiff Martha Jane Cox and plaintiffs who are heirs of Will Gore, deceased, but do not assess any damages as each have waived their right of recovery." The jury returned a verdict for the plaintiffs (naming the heirs of Albert Gore) and assessd the damages at $58.00; and "we further find for plaintiff Martha Jane Cox, and plaintiffs who are heirs of Will Gore, deceased, but do not assess any damages as each have waived their right of recovery." A judgment was entered accordingly. Defendant appeals.

Appellant seems to recognize the necessity of having Martha Jane Cox and Will Gore parties plaintiff, but contends that the verdict and judgment cannot split up the recovery so as to award damages to some and not to other plaintiffs. Appellant's counsel seem to think that Jones v. Adler, 175 Ala. 80, 56 So. 577, is conclusive of the necessity of making Martha Jane Cox and Will Gore parties plaintiff, though they made no claim for damages. Other cases may be cited as follows: Becker Roofing Co. v. Pike, 230 Ala. 289, 160 So. 692; Beatty v. McMillan, 226 Ala. 405, 147 So. 180.

■ But those cases are distinguishable from the rule expressed in section 126, Title 7, Code, whereby in certain actions, including contracts expressed or implied for the payment of money, suit must be prosecuted in the name of the party really interested. The cases which justify an action by the heirs against a defaulting purchaser under the circumstances do not tag the suit with any specific name. Howison v. Oakley, 118 Ala. 215, 23 So. 810; Greil v. Randolph, 108 Ala. 601, 18 So. 609; Hutton v. Williams, 35 Ala. 503, 76 Am.Dec. 297.

But it is clearly a suit on the promise of the purchaser implied by law to pay the amount of his bid. It is not as for a tort, nor a penalty or debt created by law. It is not an obligation to do anything, but to pay money. It is based on a contract expressed or implied for the payment of money (not a commercial instrument). Suits on contracts to perform services, and on covenants, must be in the name of the legal owner of the contract, which may be for the use of the beneficial owner. Bohanan v. Thomas, 159 Ala. 410, 49 So. 308; Winter–Loeb Grocery Co. v. Boykin, 203 Ala. 187, 82 So. 437. And in all suits which must be brought in the name of those having the legal title to the claim, but are not the beneficial owners, it is necessary for all those holding the legal title to sue as plaintiffs for the use of the beneficial owners. In this case, if all the heirs were necessary parties, it would be because all of them jointly hold the legal right to the claim, but that only a part of them claim as beneficial owners. Such a suit would be by all for the use of those plaintiffs who claim as owners of a right

420

of action, and the verdict and judgment would be in that form.

■ But where several persons are each entitled to a proportionate share in an ascertained sum, one of them ordinarily may sue alone to recover his share. 47 Corpus Juris 60, note 74; Davis v. Orme, 36 Ala. 540(4). And although an agreement is made with several parties jointly for the payment of money (not commercial paper), if the interest of each is several and distinct, each can maintain a separate action for its breach without joining the others. Hood v. Bramlett, 105 Ala. 660, 664, 17 So. 105. By virtue of section 19, Title 47, Code, joint tenancy does not exist in Alabama. But joint tenants are here tenants in common. Hill v. Jones, 65 Ala. 214, 220. So that heirs at law become tenants in common of the inheritance, not joint owners. Each has a several and separate interest not only in the property itself, but to the income from it, and on a sale to the purchase price. Each can sell his interest separately. The rights of the owners are in no respect joint, as known at the common law.

The situation is somewhat like it was in Smith v. Wiley, 22 Ala. 396, 58 Am.Dec. 262, where an administrator collected rent for land situated in a foreign state without legal authority. It was said to be in his own wrong, and the law implied an undertaking to pay it to the persons who owned the land, and were entitled to it; they were the tenants in common. It was there held that each tenant in common separately could treat him, to the extent of his share, as holding money for him, and that no one could have given a release for the whole. And the implied obligation was to pay each his share. Each could maintain indebitatus assumpsit for his share.

■ It has been held in many cases that where there has been a conversion of personalty owned by tenants in common, they may sue jointly or severally either for the tort, or on the implied promise for money had and received. Lufkin v. Daves, 220 Ala. 443, 125 So. 811; Lowery v. Rowland, 104 Ala. 420, 16 So. 88; Smyth v. Tankersley, 20 Ala. 212, 56 Am.Dec. 193; Tankersley v. Childers, 23 Ala. 781.

■ One tenant in common can sue another as though he were a stranger for a conversion of the property, and recover for his interest or his share of the money received. Section 101, Title 7, Code; Cowles v. Garrett, 30 Ala. 341; Smyth v. Tankersley, supra; 18 Ala.Dig., Tenancy In Common ⊛27.

In the case of Howison v. Oakley, supra, there was a demurrer to the complaint by the heirs as plaintiffs because it did not allege that they were the only heirs. The court merely observed that the allegation was sufficient to show that they were the only heirs of deceased. But in doing so, there is no declaration that in fact all were necessary parties. That was merely one way of responding to the demurrer.

■ The promise of the purchaser implied by his bid was to pay the commissioner as the agent of the court, and therefore to the court. The owners were the beneficiaries of the promise, each to the extent of his proportionate interest in the land. Either the commissioner can sue because he is thus qualified as the representative of the court, or the tenants in common, each separately, or all together could sue because of their beneficial interest. Greil v. Randolph, supra; Hutton v. Williams, supra.

■ In the latter case it is said that the sale was made through the agency of the commissioner, and that because the commissioner could sue, it did not follow that the tenants in common, as the owners of the land offered for sale, could not sue. The statute, quoted above, now section 126, Title 7, Code, was not mentioned, but it might have been. The commissioner could sue evidently because the court was the seller, and the commissioner was the court's agent in making the sale and collecting the money. But that did not infringe, it was said, upon the right of the tenants in common to sue. Having that right, it vested in them not jointly for their interest was not joint, but several, because the interest of a tenant in common is in severalty. Their right to sue is joint and several. There is a common interest, but each is distinct from the other. It comes within the principle of the cases cited

above where one collects rents belonging to tenants in common, they may sue jointly or severally. Smith v. Wiley, supra. One tenant in common can release or waive or transfer any claim he has under the circumstances, but not that of the others. To make him a party after he has done so, as was done here, was unnecessary and created a useless complication, in fact a paradox. For the rule is that all plaintiffs at law must have a community of interest and right to recover, or none can. McLeod v. McLeod, 73 Ala. 42; Gafford v. Tittle, 224 Ala. 605, 141 So. 653 (changed by statute in equity, Equity Rule 67). Yet the verdict was in favor of some of the plaintiffs who were found to have no interest in the claim, and who did not sue for the use of others.

Exception was taken by defendant to that feature of the court's charge which prescribed the form in event the jury found for plaintiffs. A motion for a new trial was also made raising that question. The motion was overruled. We think the court was in error, and the judgment must be reversed.

Reversed and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.