156 So.2d 624

J. W. BAIN, d/b/a Bain Construction Company

v.

Henry MAZEL.

1 Div. 170.

Supreme Court of Alabama.

Sept. 26, 1963.

J. B. Blackburn, Bay Minette, for appellee.

Wilters, Brantley & Nesbit, Robertsdale, for appellant.

MERRILL, Justice.

Appeal from a decree sustaining respondent Mazel's plea in abatement to an amend-

ed bill in equity seeking to enforce a mechanic's and materialman's lien.

Appellant Bain filed his bill against Richard Trester and his wife, as the owners of certain land to be improved under a written contract with them, and against appellee Mazel, as mortgagee, who received and recorded his mortgage from the Tresters after the work had commenced but before it was completed. Exhibit A to the bill was appellant's recorded notice which was in proper form and listed the Tresters as the owners or proprietors of the land on which the lien was sought.

There was no service on the Tresters. Appellee Mazel demurred on the ground that the alleged work done by appellant in cleaning and grading the land was not an improvement which was lienable under Tit. 33, § 37, Code 1940. The demurrer was overruled, and the decree was appealed to this court under Tit. 7, § 755, prior to its amendment disallowing such appeals. We affirmed, Mazel v. Bain, 272 Ala. 640, 133 So.2d 44.

After affirmance, appellant amended his bill stating that the Tresters had moved to California, that their mortgage to Mazel had been foreclosed, that title to the property was now in Mazel and the respondent Tresters "no longer being necessary parties to this suit are now by the Complainant stricken as parties Respondent." There still had been no service on the Tresters

Appellee Mazel then filed a plea in abatement taking the point that the Tresters were necessary parties and since they were stricken, the action should be abated because of the nonjoinder of the Tresters. The plea in abatement was sustained and the cause was dismissed when complainant refused to plead further.

■ A plea in abatement is the appropriate method of raising the question of nonjoinder. Becker Roofing Co. v. Pike, 230 Ala. 289, 160 So. 692.

■ The proper way of testing a plea in abatement in equity is to set it down for hearing and have the court determine whether or not it is sufficient. Cherry Investment Corp. v. Folsom, 273 Ala. 575, 143 So.2d 181. That procedure was followed by the trial court.

The assignment of error argued in brief raised the question: Did the court err in sustaining the plea in abatement on the ground that the owners or proprietors of the land were necessary parties? We hold that the court ruled correctly.

The statute, Tit. 33, § 37, gives a lien for work or labor upon, or for furnishing material for any building or improvement on land "under or by virtue of any contract with the owner or proprietor thereof."

■ A mortgagor in possession before foreclosure is the owner or proprietor within the meaning of the statute, and he is thereby authorized to contract for improvements on the mortgaged premises, even though legal title is in the mortgagee or his assignee, and the lien may be enforced against both the mortgagor and the mortgagee. Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68; Central Lumber Co. v. Jacks, 222 Ala. 475, 132 So. 721.

We are not concerned here with the validity of the lien but with the attempt to enforce it in the equity court, and particularly with the question of whether the owners who did the contracting are necessary parties.

■ He who is, at the time the suit is commenced, the owner of the building or land upon which the lien is sought to be enforced, "is a necessary party defendant, without whose presence the lien cannot be declared or enforced." Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L.R.A. 600; Roman v. Thorn, 83 Ala. 443, 3 So. 759. See Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178[4]; Woodson v. Wilson, 25 Ala.App. 241, 144 So. 122.

■ The Tresters were the owners of the land within the meaning of the statute when the suit was commenced and they

were necessary parties. When they were stricken as defendants, the mortgagee's plea in abatement was properly sustained.

The owners being necessary parties, the court properly dismissed the bill because of their absence. Builders' Supply Co. v. Smith, 222 Ala. 554, 133 So. 721.

Affirmed.

LAWSON, GOODWYN and HARWOOD, JJ., concur.