## DAVIS BURBANK *vs.* CARRIE A. WRIGHT.

### November 29, 1890.

**Mechanic's Lien—Action to Enforce—Grantee of Owner not Made a Party.**—The rule that judgments only affect parties and privies applied in respect to judgments in actions to enforce mechanics' liens upon real property after the owner of the land incumbered by the liens had conveyed it to another. Such grantee not being made a party to the actions, although his title appeared of record, his estate was not affected by such judgments, and the liens expired by statutory limitation, and ceased to incumber his property, after the lapse of two years from the time of their commencement.

Appeal by defendant from an order of the district court for Otter Tail county, *Baxter*, J., presiding, overruling her demurrer to the complaint.

*James W. Griffin* and *Chas. J. Bartleson*, for appellant.

*E. E. Corliss* and *Clapp & Houpt*, for respondent.

DICKINSON, J. Appeal by the defendant from an order overruling a demurrer to the complaint. It appears from the complaint that, while one Boyington was the owner of the lot of land described in the complaint, labor was performed and materials furnished for the repair of a building standing thereon, under such circumstances that statutory liens were acquired therefor. These contributions of labor and material were completed as early as July, 1884, and the liens were perfected by the filing of the lien accounts and affidavits for record in June and July, 1885. In March, 1885, Boyington conveyed the property to one Griffin, by deed recorded in April, 1885, and the latter subsequently conveyed the premises to this defendant.

The holders of those liens commenced actions against Boyington in the year 1885, subsequent to the recording of the conveyance from Boyington to Griffin, to foreclose their liens. Boyington's grantee was not a party to those actions. Judgments were recovered in those actions in November, 1885, declaring the premises to be subject to the liens, and directing that the same be sold to satisfy the debts. Sales were made under the judgments in February, 1886, the lien-holders being the purchasers, and in March, 1887, final decrees were entered declaring the title to be in them. They conveyed to this plaintiff, who commenced this action in January, 1890, to compel the defendant, as the owner of this land, to redeem it from the liens heretofore imposed upon it, or to foreclose her right to redeem.

The action can be maintained only upon the theory that the land is still subject to the mechanics' liens, and that the defendant, whose grantor succeeded by conveyance to the estate of Boyington prior to the commencement of the actions against him, can only protect the estate conveyed to her by redeeming from such liens. This theory cannot be sustained. If no actions had been prosecuted to have the liens judicially declared and enforced, they would have expired in two years after the completion of the labor, or the supplying of material. Such liens are wholly statutory, and their duration is plainly limited by the statute, which declares that the account, verified and filed as prescribed, shall operate as a lien "until the expiration of two years after the completion of such skilled services or labor, or the furnishing of such materials." Gen. St. 1878, c. 90, § 7.

We do not here consider what might be the effect, as respects the continuance of the lien, of an action to enforce it, commenced against the owner of the premises before the expiration of the period of two years. Neither the actions against Boyington nor the judgments therein were effectual to continue these liens as against other persons who had succeeded to his estate when those actions were commenced. He had ceased to have any estate or interest in the land. Griffin, his grantee, then held the title in fee, and the records showed this to be the case. He was a necessary party to an action to judicially subject the land, the estate in fee which he owned, to these liens, and to appropriate it to the satisfaction of the debts for which the liens
v.44m.—35

were claimed. He not being a party to those actions, the judgments therein did not bind him, nor prejudice his estate in the land. It is true that he acquired the property subject to the liens, and they continued to be incumbrances upon the land until they expired by lapse of time. But their character was not changed, they were not merged or converted into judgments affecting Griffin or his estate, by the actions to which he was not a party. They were, so far as concerned his interests, only mechanics' liens, and they did not survive the statutory period of limitation. The case of McCoy v. Quick, 30 Wis. 521, which influenced the decision of the court below, should not affect the decision of this case. The peculiar effect given in that case to the judgment in an action to enforce a mechanic's lien to which the holder of the legal title was not a party was distinctly placed upon a statute which was construed as authorizing a lien to be adjudged against the land, in an action against the debtor alone. The court evidently regarded this as a statutory departure from the general rule of law as to the effect of judgments. We have no such statute. The demurrer should have been sustained.

Order reversed.