## PEARL SCHIAFFINO v. ALFRED E. CHRIST.

### [51 South. 546.]

1. HUSBAND AND WIFE. *Contracts by husband. Wife's liability. Code 1906, § 3060. Mechanic's lien. Owner not consenting.*

Where material used in the erection of a building on the land of the wife was purchased by the husband on his own account, and the wife did not give her written consent thereto, as required by Code 1906, § 3060, she was not liable therefor, and the court could not render a personal judgment against her and direct a sale of the property to satisfy the same.

2. MECHANICS' LIENS. *Suit to enforce. When question of liability of house not presented. Husband and wife.*

A petition in a suit to enforce a materialman's lien; which alleged that a married woman owed plaintiff money for building material purchased by her from him and used in the erection of a house on her land, did not raise the question whether plaintiff was entitled to a lien on the house alone, on proof that the husband purchased the material on his own account without the written consent of the wife and that the materials were used in the erection of the house.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Christ, appellee, was plaintiff in the court below; Madame Schiaffino, appellant, was defendant there. From a personal judgment in plaintiff's favor against defendant and adjudging

a lien on her property for its payment, defendant appealed to the supreme court.

Appellant was the owner of land. Her husband purchased from appellee building material, which was used in the construction of a house upon her land. Appellant's husband had offered to pay for the material used in the house what in his judgment was a reasonable price; but, this being refused, suit was instituted against the appellant for the purpose of enforcing a materialman's lien. The testimony showed that the appellant knew nothing of the contract made by her husband, and did not authorize it in writing, as provided by Code 1906, § 3060, which is as follows:

"If such house, building, structure, or fixture be erected, constructed, altered or repaired at the instance of a tenant, guardian, or other person not the owner of the land, only, the house, building, structure, or fixture, and the estate of the tenant or such other person, in the land, shall be subject to such lien, unless the same be done by the written consent of the owner."

*Brown & Hayden* and *Barrett & Taylor,* for appellant.

This case is controlled by statute, Code 1906, § 3060; and, if plaintiff has not brought himself within the provisions of that statute he cannot prevail. This he has not done, as the house was erected by G. Schiaffino, the husband, the lumber sold to G. Schiaffino, and the land owned by Mrs. Pearl Schiaffino and her consent in writing was not obtained.

We find from examination of the authorities of other states, that all that is necessary to bind the property of the wife, or of a third person, is to secure the oral consent of the owner of the land and in some jurisdictions the authority may be implied, but our state has gone further and has only given the right of the lien where the building is erected by the owner, or where erected by another person when the written consent of the owner is obtained; and, this being a statutory right unknown to the

common law, no liability can attach to the owner of the land unless the plaintiff brings himself within the provisions of the statute.

We think this case is covered by the case of *Fairbanks v. Briley,* 25 South. 354; being a Mississippi case where the husband had some plumbing done without the written consent of the wife and the court held that there was no lien fixed and the wife's property was not liable. *Lauer v. Bandow,* 43 Wis. 556, 28 Am. Rep. 571; *Weston v. McMillan,* 42 Wis. 567; *Flannery v. Rohrmayer,* 46 Conn. 558, 33 Am. Rep. 36; *Gilman v. Disbrow,* 45 Conn. 563; *Hoffman v. McFadden,* 56 Ark. 217, 35 Am. St. Rep. 101; *Morrison v. Clark,* 20 Utah, 432, 77 Am. St. Rep. 924; *Whitworth v. Hodge,* 88 Ala. 500, 7 South. 194.

*Money & Graham,* for appellee.

The appellant contends that as a matter of law, no liability can be found against the appellant, nor any lien fastened upon her land, under the circumstances and facts in evidence in this case, on the sole ground that her consent in writing was not obtained as provided in Code 1906, § 3060.

The case of *Fairbanks v. Briley,* 25 South. 354, cited by appellant, does not apply to this record. There, one Flood made a contract in writing with Mr. Briley alone, for some plumbing fixtures placed, under said contract in writing, in the house of Mrs. Briley; both Mr. and Mrs. Briley were made joint defendants in a suit to subject the property of Mrs. Briley to the debt (which had been assigned to plaintiff). The sole question was whether her written consent was necessary under Code 1892, § 2700, Code 1906, § 3060; no question of agency was presented on either trial or in the supreme court, nor any question of ratification or adoption or other facts shown in this case at bar.

The facts in the *Briley case* certainly cannot be the law for the entirely different facts and circumstances in this case.

Code 1906, § 3060, does not at all limit the doctrine of agency as announced in the instructions in this case; nor is there any authority cited by appellant to the contrary; nor have we discovered any. The following cases support the doctrine we contend for: *Roberts v. Hartford,* 29 Atl. 1099; *Popp v. Connery,* 101 N. W. 54; *Body v. Thackaray,* 28 Am. St. Rep. 526; 21 Cyc. 1441, par. b; 21 Cyc. p. 1442; 27 Cyc. 62, par. j; *Saunders v. Tuscumbia, etc., Co.,* 41 South. 982.

The jury found from all the facts and circumstances, and the legitimate inferences arising therefrom, abundantly appearing in the evidence, that when she acted, she acted for herself, and when he acted, he acted for her as her agent, with her knowledge, consent, approbation, encouragement, authority, and concurrence, and that she adopted and ratified all his acts. The jury found that he was merely acting as her agent in whom she was well pleased.

It was the jury's province to consider, weigh and determine all these facts as between the parties, and it found them against the appellant. *Roberts v. Hartford,* 29 Atl. 1099; *Becker Lumber Co. v. Stevens,* 84 Mo. App. 558.

SMITH, J., delivered the opinion of the court.

The peremptory instruction requested by appellant ought to have been given. The petition alleged that she owed appellee certain money for building material purchased by her from appellee and used in the erection of a house situated on her land, and prayed for a personal judgment and for a sale of the property to satisfy same. The proof showed that the material was not purchased by appellant, but by her husband upon his own account, and she did not give her written consent thereto. The case is therefore controlled by Code 1906, § 3060, and *Fairbanks v. Briley,* 25 South, 25 South. 354.

The question as to whether appellee is entitled to a lien on

the house, though not upon the land upon which the house is situated does not arise on this record. The petition was not filed on that theory, and contains no proper averments submitting that question to the judgment of the court.

*Reversed and remanded.*