HENRY L. FLAKE v. CENTRAL HARDWARE COMPANY.

[51 South. 461.]

MECHANICS' AND MATERIALMEN'S LIEN. *Code* 1906, § 3063. *Suits to enforce. Parties.*

Where a carpenter, under contract with a husband to erect a house on his wife's land, purchased materials upon credit and used them in the building, the owner of the land, the wife, and the carpenter are necessary defendants to a suit by the party who sold the material to enforce a lien on the house, although there be no effort to subject the land to the debt, since Code 1906, § 3063, provides that all persons having an interest in the controversy or claiming liens on the property shall be made parties to the suit.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

The Hardware Company, appellee, was plaintiff in the court below; Flake, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*R. S. Hall, Luther James* and *J. B. Harris,* for appellant.

The proceeding was purely a statutory one, and of course the direction of the statute must be pursued, the language of the statute under which the second count of the petition was drawn is explicit and unambiguous, and under no view of that statute could the judgment of this case be sustained.

The facts in the case show that Henry L. Flake, the defendant, had no interest whatever in the property either as owner or otherwise. This fact does not seem to be controverted. The property belonged to his wife, Mrs. Laura L. Flake, and she was not made a party to the proceeding, nor was she served with no-

tice as required by the statute.   Code 1906, § 3074, expressly
provides that notice must be given in writing to the owner of the
property of the amount due, and provides further that the
proceeding shall be against the owner of the property, and pro-
vides further that if judgment shall be given in favor of the
party giving the notice against the owner then the judgment be-
comes a lien from the date of the notice.   There is absolutely no
pretext of any notice ever being served on Mr. Flake.   The de-
fendant, Henry L. Flake, whom it is claimed was notified, testi-
fies distinctly that he did not have a particle of interest in the
property.   This it seems would end the case.

*Currie & Currie,* for appellee.

We apprehend that under the section under discussion, Code
1906, § 3060, any improvements, caused to be put upon the land
of another by a stranger who was not a trespasser, would be
bound by the lien, provided further such improvements were
made in good faith by the person causing them to be made and
by the person actually making them, and the material therefor
was furnished in good faith.   Why not?   The owner could not
be injured.   The lien in that case would be a valid one.   The
two sections, indeed the whole chapter, must be construed to-
gether, giving effect to each section thereof, and avoiding all
conflicts where possible, and if our interpretation of the section
is not the correct one, then construed in the light of the preceding
section, section 3059, it becomes a dead letter in our statute.

The law does not presume that a person, causing improve-
ments of a substantial nature to be put upon the land of another,
is a trespasser, but on the contrary presumes that he is not a
trespasser, and places the burden upon the owner to show that
such person is in fact a trespasser, and there is nothing in this
record to show that the appellant was a trespasser.

On the contrary the record shows affirmatively that appellant
was not a trespasser.   Beyond that, it shows that the buildings

were put there with the knowledge of the alleged owner, Laura L. Flake. The record shows that Henry L. Flake, appellant, and Laura L. Flake, alleged owner, are husband and wife, that they had their residence on one end of the very lot on which these houses were built, that they were occupying their residence at the time; the first answer filed by the defendant, Henry L. Flake, appellant here, alleged that Laura L. Flake, his wife and owner, had made the contract for building the houses; his answer to the amended petition gives notice that he will introduce testimony to prove that in making the contract he acted as agent for Laura L. Flake, his wife and owner. Can it be reasonably contended that she did not, at the time, have actual notice that the houses were being built?

Unique as it may be considered at first blush, we submit, as a sound legal proposition, under the facts of this case, that Henry L. Flake, appellant, was the tenant at will, of the owner, Laura L. Flake, and that the contract is binding upon the property of Laura L. Flake under the provisions of section 3059, much more upon the houses only.

It is contended by counsel for appellant, that the judgment cannot stand for the reason that the statute requires that the notice be given to the owner. We submit that the word "owner," as used in the statute means the person with whom the contract for the building of the house, structure, building or fixture is made, whether it be the real owner, his agent, representative, guardian, or tenant as provided in section 3059, or at the instance of "a tenant, guardian, or other person not the owner of the land" as provided in section 3060. To hold that the word "owner" as used in the statute, section 3074, means literally the person holding the legal title would defeat the very purpose of section 3060, and would destroy the lien in many, perhaps a majority of cases, under section 3059. As well, and better, spit on and sponge out the whole chapter at once, and no longer delude working men and trustful merchants who sell their wares

on credit, with this statutory security, when it is to be swept away at a breath on the wings of so fine a technicality. There is nothing of real substance in this objection of appellant.

The next contention counsel for appellant make is that the judgment is void for the reason that the owner and contractor were not joined as defendants as contemplated by section 3074 of the Code of 1906. To this objection there are several conclusive answers: (a) When notice was served upon Henry L. Flake, appellant, who contracted with Guinn, whatever, if anything, he owed Guinn stood in his hands as stakeholder and he became the debtor of appellee to that amount so that it under the statute in question could maintain its suit against him for the amount, unless he paid it over to them. He did not pay the amount, consequently suit was filed, and properly so, against him as defendant. So far as the plaintiff was concerned he was the only necessary party defendant, under that count in plaintiff's petition, because by it could be recovered only whatever he owed the contractor Guinn. To that amount appellant under that count, became our debtor so that we could sue him. (b) Under the provisions of section 3063, appellant had the same right, and it was as much his duty as that of appellees to make the owner of the land and the contractor parties defendant, as did the appellee. That statute provides: "and should any necessary or proper party be omitted, he may be brought in by amendment, on his own application or that of any other party interested." If Laura L. Flake desired to be made a party so as to protect her rights why did she not come in on her own application? If the contractor Quinn desired to be made a party why did he not come in on his own application? He certainly knew about the suit. If Laura L. Flake did not know about the suit, which of course as a matter of fact if not in a judicial way she did, and appellant Henry L. Flake desired that she should be made a party, why did he not make timely application, as under the statute he could have done, and have her made a party defendant?

If he deemed Laura L. Flake, his wife, and the contractor, Guinn, necessary parties defendant why did he not make application and have them joined? He was certainly an interested party, being defendant in the suit, and properly so; that statute is comprehensive and general in its terms and gave him the right to cause them to be made parties; the court would have had no discretion in the matter. Can he now be heard to complain of his own neglect, and ask that a judgment be reversed on account of it? If he is to suffer thereby, he has worked his own injury, the statute was before him, and he can not now complain. (c) By not raising the defect of necessary parties defendant by demurrer or other proper plea in apt time he waived the defect, and it was too late to complain when he did.

MAYES, J., delivered the opinion of the court.

This is a proceeding commenced by the Central Hardware Company for the purpose of enforcing a materialman's lien on a certain building erected by one Guinn on property belonging to Mrs. Laura L. Flake. The contract made by Guinn for the erection of this building was made with Henry L. Flake, the husband, and no written consent for the erection of this building on her property was ever obtained from the wife. This being the case, the lien is sought to be enforced only as against the building, and not the land itself. The Central Hardware Company sold certain material to Guinn to go into the construction of this house, which he failed to pay for, whereupon notice was served on Henry L. Flake under section 3074, Code 1906. After stop notice was served on Henry L. Flake as required by the above section, this petition was filed, seeking to condemn the building alone for the debt due by Guinn to the hardware company.

It appears from the record that the proceeding was instituted against Flake alone, and neither Guinn, the contractor who bought the material, nor Mrs. Laura L. Flake, who owned the

land on which was situated the building, were made parties. It was only upon the trial that it developed that the land on which the building was situated belonged to Mrs. Laura L. Flake; but she was not then made a party to it. All these matters were objected to on the motion for a new trial; but even if they had been, both became necessary parties to the proceeding, and no judgment could be properly entered enforcing this lien until both had ben made parties to the proceeding. Section 3063, Code 1906, is specific in its requirement that "all persons having interest in the controversy, and all persons claiming liens on the same property, by virtue of this chapter shall be made parties to the suit; and should any necessary or proper party be omitted, he may be brought in by amendment, on his own application or that of any other party interested; and claims of several parties having liens on the same property may be joined in the same action." Both were necessary parties to the proceeding to enforce any lien against the building. Guinn is a necessary party, for the reason that the debt forming the basis of the lienor's right is a debt due Guinn by Flake, if nothing should be due the hardware company by Guinn, and Guinn should be given an opportunity to contest this claim. The building sought to be condemned is on the land of Mrs. Flake, and it is due her that she is given an opportunity to be heard before that building, now on her land and presumably her property, shall be condemned to be sold.

Certainly, under these conditions, both these persons should have been made parties, and because they were not the judgment is *reversed* and *cause remanded.*