PLANTERS' LUMBER COMPANY *v.* TOMPKINS.

[71 South. 565.]

MECHANICS' LIEN. *Right to lien. Enforcement.*

Under Code 1906, section 3058, providing that every building that may be erected or repaired shall be liable for labor done or material furnished, and under section 3060, providing that if such building be erected or repaired at the instance of a tenant or other person not the owner, only the building shall be subject to the lien. Where a husband with the knowledge of his wife, contracted for the repair of her dwelling, the wife understanding that the material and labor should be purchased on the husband's personal credit, in such case the husband occupying with the wife, the house in which the material was placed, is such a person as is embraced in the meaning of the language of the statute, "at the instance of a tenant, guardian, or other person not the owner of the land," and a material man furnishing material for the house was entitled to a lien on the house only and not on the land on which the house was situated.

Appeal from the circuit court of Washington county. Hon. F. E. Everett, Judge.

Suit by Planters' Lumber Company to enforce a mechanic's lien against Effie L. Tompkins, and another, begun in a justice court and appealed to the circuit court. From a judgment there against plaintiff, it appeals.

The facts are fully stated in the opinion of the court.

*Percy & Percy*, for appellant.

*Sam Montgomery*, for appellees.

Holden, J., delivered the opinion of the court.

The appellant, Planters' Lumber Company, plaintiff below, filed this suit to enforce the statutory lien under sections 3058 and 3060, Code 1906, for material furnished and used in building and repairing a house on a lot known as No. 808 Broadway, in the city of Greenville. From a verdict and judgment in favor of appellees, Effie L. Tompkins and C. H. Tompkins, defendants in the court below, the case is appealed here.

The facts are as follows: The appellees, Mrs. Effie L. Tompkins and her husband, T. H. Tompkins, were living together in their residence, known as No. 808 Broadway, in Greenville. The house and land were owned by the wife, Mrs. Effie L. Tompkins. The husband, C. H. Tompkins, contracted with and purchased of the appellants, solely on his own account, a bill of lumber which was delivered and used in the repair and construction of the said residence building occupied by the appellees. The wife was present at the house and knew that the lumber was being used in the repair and construction of her house; she understanding from her husband that the lumber was furnished on the individual account of her husband alone, and that her husband was solely liable, and he was to pay appellants for the material so furnished. The husband paid part of the bill due, but upon his failure to pay the balance of one

hundred and seventy dollars the appellant lumber company filed its claim against appellees in the court of a justice of the peace to enforce its lien against the house only, in which the lumber and material were used, and not against the land.   After judgment the case was appealed to the circuit court; and, with this state of facts before that court, the appellant lumber company, on its second count, asked for and was refused the following instruction:

"The court instructs the jury for the plaintiff that, if you believe from the evidence that the contract for the material furnished was made by C. H. Tompkins with the plaintiff, and the material was used in the construction of the house in question, then you will find for the plaintiff under the second count of the declaration, and assess its damages at $——, declaring a lien on the house alone."

And the failure of the court below to grant this instruction is assigned as error by the appellant.   It is urged by appellant that it was entitled to this instruction, under the facts in this case, relying upon sections 3058 and 3060, Code 1906.   We here set out the statutes referred to:

(3058) "Every house, building or structure of any kind, and any fixed machinery, gearing or other fixture that may or may not be used or connected therewith, and every boat or other water craft, railroad or railroad embankment erected, constructed, altered, or repaired, shall be liable for the debt contracted and owing for labor done or materials furnished about the erection, construction, alteration, or repairs thereof; and such debt shall be a lien thereon from the time of making the contract.   If such house, building, structure, or fixture be in a city, town or village, the lien shall extend to and cover the entire lot of land on which it stands and the entire curtilage thereto belonging; or, if not in a city, town or village, the lien shall extend to and cover one acre of land on which the same may stand, if there

be so much, to be selected by the holder of the lien. . . ."

(3060) "If such house, building, structure, or fixture be erected, constructed, altered or repaired at the instance of a tenant, guardian, or other person not the owner of the land, only the house, building, structure, or fixture, and the estate of the tenant or such other person, in the land, shall be subject to such lien, unless the same be done by the written consent of the owner."

Under the facts in this case, the question squarely presented to us is whether or not the appellant acquired a lien upon the dwelling house (only) here in question, by furnishing material to go into the house at the instance of the husband, who lived with the wife in the house, under the last-named section 3060, Code 1906, which provides, in short, that:

"If such house . . . be . . . repaired at the instance of a tenant, guardian, or other person not the owner of the land, only the house . . . shall be subject to such lien. . . ."

We hold that the husband, occupying, with the wife, the house in which the material was placed, is such a person as is embraced in the meaning of the language of the statute, "at the instance of a tenant, guardian, or other person not the owner of the land," and therefore, under the facts here, appellant has a lien upon the house (only) for the material furnished, which may be enforced in the manner provided by law. And so it follows that the lower court erred in not granting to appellant the instruction asked.

In the cases of *Fairbanks Co.* v. *Briley,* 25 So. 354, *Flake* v. *Central Hardware Co.,* 96 Miss. 838, 51 So. 461, and *Schiaffino* v. *Christ,* 96 Miss. 801, 51 So. 546, decided by this court, it will be seen at a glance that the questions presented and passed upon in those cases are different from the question presented in this case; consequently they are not in point here.

*Reversed and remanded.*