HERVEY *et al. v.* COMMERCIAL BANK OF CLARKSDALE *et al.*[*]

(Division B. Feb. 4, 1929. Suggestion of Error Overruled March 4, 1929.)

[120 So. 463. No. 27595.]

*Corpus Juris-Cyc References: Mechanics' Liens, 40CJ, section 551, p. 401, n. 29.

*F. M. Featherstone* and *B. B. Allen,* for appellants.

*E. G. Williams,* for appellee.

Argued orally by *E. G. Williams,* for appellee.

GRIFFITH, J. On April 2, 1921, appellants obtained in the circuit court a materialmen's lien judgment against J. W. Payton as the sole defendant. It is not shown when the suit was filed or when process was served. It appears, however, by reference to Exhibit 7 to the amended bill, that theretofore, on June 24, 1918, J. W. Payton and his wife, Lemmie C. Payton, had executed a deed of trust on the land on which the buildings in question were subsequently erected, and which were the subjects of the said judgment; that this deed of trust was foreclosed by the trustee on March 11, 1921; that on said date Dick Neely, the beneficiary in said deed of trust, became the purchaser and received a trustee's deed. It is not alleged that the said Dick Neely had consented to the erection of said buildings, nor was he made a party to the suit wherein the judgment aforesaid was rendered.

Moreover, it is shown by the bill that on October 4, 1920, J. W. Payton had conveyed the said land to his wife, Lemmie C. Payton, and Mrs. Payton was not made

a party to the suit aforesaid; it being alleged as an excuse for her omission that the deed from her husband to her was a purely voluntary conveyance, made in fraud of creditors. Be the latter as it may, the deed was good as between Payton and his wife, and left him, so far as he was concerned, with no title in the property whatever; and, so far as concerned a creditor, the latter in a judicial proceeding such as this to enforce a lien, and in making parties to that judicial proceeding, could not wholly disregard the conveyance to Mrs. Payton as if it had never been made. Section 3063, Code of 1906. So that before April 2, 1921, the date of the rendition of the said materialmen's lien judgment, by virtue of one or the other or both of the foregoing transfers, all interest of J. W. Payton in the property had departed from him.

It was said in an early case, *Falconer* v. *Frazier,* 7 Smedes & M. (15 Miss.) 242, that "nothing can be affected by the judgment, except the interest of the party to the record. If the party have no interest, the judgment will confer no lien." And this is no more than to state the obvious proposition that, in order that there may be a lien, there must be an interest upon which the lien may rest, and, when the sole defendant in a suit to enforce a materialmen's lien has no interest in the property, there is nothing upon which to bottom the lien, and a lien judgment in such a case is void of any real substance or force. See, also, *Flake* v. *Central Hardware Co.,* 96 Miss. 838, 51 So. 461.

No relief is asked by the bill herein against J. W. Payton, except that it is prayed that the said lien judgment against him be "renewed and merged" into a decree of the chancery court. It is in fact averred in the bill that Payton is wholly insolvent. Even if the chancery court could renew a materialmen's lien judgment, it would not in this case for the reasons already stated—that Payton had then, and has now, absolutely no interest in the property upon which such a lien judgment could be validly

based. The relief prayed against the other parties to the bill is derivative of, or founded on, the materialmen's lien judgment against J. W. Payton, an, since the said judgment amounts to nothing, the entire case has nothing upon which to stand.

*Affirmed.*

