STUBBS *et al. v.* CAPITAL PAINT & GLASS CO. *et al.*

(Division A. Jan. 5, 1931. Suggestion of Error, June 15, 1931.)

[131 So. 806. No. 28799.]

(Division A.  June 15, 1931.)

[135 So. 945.  No. 28799.]

For former opinion, see 131 So. 806.

**F. E. Leach**, of Carthage, for appellants.

**W. T. Weir,** of Walnut Grove, for appellants.

**W. H. Cox,** of Jackson, for appellee.

Powell, Harper & Jiggitts, of Jackson, for appellees.

**Cook, J.,** delivered the opinion of the court.

The Planters' Lumber Company, one of the appellees herein, filed two suits in the circuit court of Leake county, Mississippi, one being against B. E. Stubbs and his wife, Mrs. B. E. Stubbs, seeking to establish a lien on a residence owned by the said Mrs. B. E. Stubbs for the payment of five hundred twenty-nine dollars and twenty-four cents, the purchase price of certain material furnished by the said Planters' Lumber Company, which was used in the construction of said residence, and the other suit being against B. E. Stubbs and his sons, B. F. Stubbs and B. H. Stubbs, seeking to establish a lien on certain store and cafe buildings owned by the said B. F. and B. H. Stubbs, for the payment of four hundred seven dollars and seventy cents, the purchase price of certain material furnished by the said Planters' Lumber Company, and used in the construction of said building. In the suit last above mentioned, the Capital Paint & Glass Company intervened, and filed its petition seeking to establish its lien on said store and cafe buildings for the payment of four hundred forty-one dollars and eighty-nine cents, the purchase price of certain material furnished and labor performed by it which went into the construction of said building. These suits were consolidated and heard together, and separate final judgments were rendered in each case against B. E. Stubbs personally, and also impressing a lien on these buildings for the respective amounts claimed against each building. From the judgments so entered, Mrs. B. E. Stubbs, the owner of said residence, and B. F. and B. H. Stubbs, the owners of the store and cafe buildings,

prosecuted separate appeals, but the causes are before us on one record, which includes the entire proceedings in each of them.

The petition filed in the cause against B. E. Stubbs and his wife, Mrs. B. E. Stubbs, alleges that the residence constructed was located on a lot owned by the said Mrs. B. E. Stubbs, and, on account of the limitation contained in section 2260, Code 1930, it sought to establish a lien on the building only. The petition alleges, in substance and effect, that the residence is located in the town of Walnut Grove on a lot owned by the appellant Mrs. B. E. Stubbs; that B. E. Stubbs, the husband of the appellant, in his own name, and on his behalf and credit, but with the knowledge and consent of Mrs. Stubbs, purchased from the Planters' Lumber Company certain lumber and building material at and for the aggregate price of five hundred twenty-nine dollars and twenty-four cents; that the said lumber and material were used in the construction and erection of the aforesaid residence; and that the said B. E. Stubbs had failed and refused to pay the appellee for the material so furnished. The petition and exhibits thereto, and the proof offered at the trial, show that the material here involved was only a part of the material necessary for the construction of the residence, and that, with the exception of this material, the entire residence was constructed by the appellant Mrs. Stubbs on her own account and with her own means.

The petition filed against B. E. Stubbs and B. H. and B. F. Stubbs likewise sought to establish a lien only on the store and cafe buildings owned by the said B. F. and B. H. Stubbs, alleging, in substance, that the said buildings were located in the town of Walnut Grove on lots owned by the said B. F. and B. H. Stubbs; that the appellee sold and delivered to B. E. Stubbs, at the instance of B. H. Stubbs, one of the owners of the said lots, who represented himself as being the man-

ager of B. E. Stubbs, certain lumber and building material for use in the construction of said buildings; that such lumber and material was used in the construction and erection of said store and cafe buildings; that the said B. E. Stubbs promised and agreed to pay for said lumber and material, the aggregate price thereof being four hundred seven dollars and seventy cents, but that he failed and refused to do so. The prayer of the petition was for a personal judgment for said sum against B. E. Stubbs, and for the enforcement of a lien on said building for the payment of such judgment.

To this petition B. F. Stubbs and B. H. Stubbs each filed a plea of the general issue, while B. E. Stubbs filed a plea suggesting that the court was without jurisdiction to proceed further as against him, for the reason that he had been duly adjudged a bankrupt by the United States District Court for the Jackson Division of the Southern District of Mississippi.

In this cause, the court made and submitted to the jury the following issue of fact: "Was the material sued for sold and delivered to B. E. Stubbs at the instance and with the knowledge and consent of Howard Stubbs, one of the owners of said lots, for use in the repair, alteration or construction of the building situated on the land described in plaintiff's petition." Upon the proof offered on this issue, the jury returned a verdict in the following language: "We, the jury, find for the plaintiff the sum of four hundred seven dollars and seventy cents and find that said materials were purchased from Planters' Lumber Company by Howard Stubbs in the name of B. E. Stubbs, or were so purchased for use in said buildings, with the knowledge and consent of said Howard Stubbs." Upon this verdict the court entered a judgment against B. E. Stubbs for the amount sued for, and fixed a materialman's lien on the said store and cafe buildings, and ordered them to be sold for the satisfaction and discharge of said

judgment; a special execution for the sale of the said building being directed to issue.

The petition filed by the intervener, Capital Paint & Glass Company, also sought to establish a lien on the store and cafe buildings only, and alleged that the petitioner sold, delivered, and furnished, certain plate glass, building material, and labor to B. E. Stubbs at and for the price of four hundred forty-one dollars and eighty-nine cents, for which the said B. E. Stubbs agreed and promised to pay, but had failed and refused to do so, that the said B. E. Stubbs used this building material in the construction and erection of certain brick store and cafe buildings located on lots owned by B. F. and B. H. Stubbs, and that the labor performed was performed in the construction of said buildings, and prayed for a personal judgment against B. E. Stubbs and for the enforcement of a lien on said building to satisfy such judgment.

Upon the appeal of Mrs. B. E. Stubbs from the judgment fixing a lien on the residence owned and erected by her, this cause is controlled by the majority opinion rendered in the recent case of Chears Floor & Screen Co. v. Mrs. Daisy Gidden et al. (Miss.), 131 So. 426, decided December 15, 1930. The facts in the two cases are substantially the same. In the case at bar, the petition charged, and the proof showed, that the particular material here involved was furnished by the appellant under a contract with and on the credit of appellant's husband, B. E. Stubbs, but the proof likewise shows without conflict that, with this exception, the entire residence building was constructed by the appellant on her own account and with her own means. Under these facts, as section 2260, Code 1930, was construed in the Gidden case, supra, there was no lien on the building for this material which was furnished at the instance and on the credit of a person not the owner of the land and building. There is here no contention that the owner

gave her written consent for her husband, B. F. Stubbs, to purchase the material for the purpose for which it was used, and therefore the judgment of the court below will be reversed in so far as it attempted to fix a lien on the appellant's residence, and a judgment will be entered here in favor of said appellant.

The petition filed against B. E. Stubbs and his two sons, B. H. and B. F. Stubbs, alleged that the material involved was sold and delivered to B. E. Stubbs at the instance of B. H. Stubbs, one of the owners of the lot, who represented himself as being the manager for B. E. Stubbs, and the court submitted to the jury as a special issue or fact to be determined by it the question of whether or not the said material was sold and delivered to B. E. Stubbs at the instance and with the knowledge and consent of B. H. Stubbs, one of the owners of said lots, for use in the repair, alteration, or construction of the buildings located on the lands of B. F. Stubbs and the said B. H. Stubbs. There was an abundance of proof offered to support a finding by the jury that the material was so sold to B. E. Stubbs at the instance and request of B. H. Stubbs, one of the owners of the lot and building, for use in the construction of said buildings, and the jury returned a verdict so finding. Upon these facts we do not consider the Gidden case, supra, as controlling. A representative of the appellee Planters' Lumber Company testified that, when the matter of a sale of material for these brick buildings came up between him and B. E. Stubbs, he was told by B. E. Stubbs that B. H. Stubbs was doing all of the buying for these buildings, and that he would have to deal entirely with B. H. Stubbs in reference to that matter; that thereafter all his dealings in reference to the sale of the material for these buildings were had with B. H. Stubbs; that B. H. Stubbs gave him a list of the items required, and assisted him in taking the required measurements of the building; that the order was given

by B. H. Stubbs, and all negotiations with reference to prices were with him; and that the said B. H. Stubbs ordered the material to be shipped out for use in his buildings, but directed that it should be charged to his father, B. E. Stubbs; and the testimony on behalf of the appellants was to the effect that the material was so purchased in the name of B. E. Stubbs, a merchant, in order to avail of the merchants' discount on the said material.

Under these facts and the jury's finding thereon, there is here involved more than mere knowledge and consent that material might be furnished for the construction of a building at the instance of or by a person other than the owner, as referred to in section 2260, Code 1930, but it is in effect a purchase by the owner, of the lots and buildings, in the name of a third person, material for use in the construction of the buildings; and, under these circumstances, we do not think the owner can escape the fixation of a lien on the said buildings for the satisfaction of the debt contracted for the purchase of material used in the construction thereof. There was no appeal from the personal judgment against B. E. Stubbs, the alleged bankrupt, and no attempt to enforce any lien against his estate or any of his property, and the owners of the buildings against which the lien is fixed are not prejudiced by, and cannot complain of, the fact that only the buildings, and not the buildings and lots, are subjected to the lien. The judgment of the court establishing the lien and ordering a sale of the said store and cafe building will therefore be affirmed.

As to the cause of the intervening petitioner, Capital Paint & Glass Company, the petition, proof, and jury's finding thereon do not, in our opinion, take it out of the rule announced in the Gidden case, supra, that, where material is furnished by a person other than the owner, for the partial construction of a building, there is no lien

on the building, although such material may have been furnished with the knowledge and consent of the owner of the lot and building. The judgment of the court below will therefore be reversed in so far as it establishes a lien in favor of the appellee Capital Paint & Glass Company on the buildings of the appellants B. H. and B. F. Stubbs, and judgment will be entered here for said appellants.

On this appeal of these causes, as consolidated, there is but one record, and the parts thereof bearing upon the several issues are so intermingled that it would be impossible to tax the costs against the losing parties with exactitude, but we think substantial justice may be done by "taxing" one-third of the costs against each of them; that is to say, one-third against the Planters' Lumber Company, one-third against Capital Paint & Glass Company, and one-third against B. H. Stubbs and B. F. Stubbs and it is so ordered.

Affirmed in part and reversed in part.

## On Suggestion of Error.

**Cook, J.,** delivered the opinion of the court on suggestion of error.

Upon a former day of this term, in an opinion reported in 131 So. 806, we held that the appeal of Mrs. B. E. Stubbs from a judgment fixing a lien on a residence owned and erected by her was controlled by the case of Chears Floor & Screen Company v. Mrs. Daisy Gidden et al., 131 So. 426, and that, as section 2260, Code 1930, was construed in that case, there was no lien on the residence for material that had been furnished at the instance and on the credit of a person not the owner of the building and the land upon which it was located.

We likewise held that, as to the cause of the intervening petitioner, Capital Paint & Glass Company, the pe-

tition, proof, and jury's finding thereon did not take it out of the rule announced in the Gidden case, supra, that, where material is furnished by a person other than the owner for the partial construction of a building, there is no lien on the building, although such material may have been furnished with the knowledge and consent of the owner of the lot and building.

The Capital Paint & Glass Company has filed a suggestion of error in which the facts are reargued, and it is contended that the facts bring the cause within the rule announced in the original opinion in this cause that a building erected on a lot by the owners thereof is subject to lien for materials furnished at the instance and request of one of the owners, though charged to a third person's account. All the evidence and matters presented by the suggestion of error were fully considered upon the previous hearing of the cause, and we think the conclusion then reached was correct, and therefore this suggestion of error will be overruled.

The appellee Planters' Lumber Company has filed a suggestion that we erred in reversing the judgment of the court below in so far as it attempted to fix a lien in its favor against the residence of the appellant Mrs. B. E. Stubbs; the first contention being that, upon the facts, the cause is not analogous to the Gidden case, supra, and that the appellant's right to a lien is not controlled by section 2260, Code 1930, and the construction placed thereon in the Gidden case. Upon this point the suggestion of error, and argument in support thereof, is largely a reargument of the contentions advanced in the original brief of counsel, and we do not think further response thereto is necessary.

The second contention advanced by counsel in support of the suggestion of error is that the construction of section 2260, Code 1930, in the case of Planters' Lumber Co. v. Tompkins, 111 Miss. 307, 71 So. 565, 566, which case was overruled by the case of Chears Floor & Screen

Company v. Gidden et al. (Miss.), 131 So. 426, was a rule of property which must be applied in this case, and consequently will require an affirmance of the judgment. The Tompkins case held that a husband, occupying, with the wife, a house constructed, altered, or repaired, with the material furnished by the husband, was "another person" within the meaning of section 2260, Code 1930, and that by virtue of the provisions of this statute, a house or building erected, constructed, altered, or repaired, "at the instance of a tenant, guardian, or other person, not the owner of the land," was subject to a lien for the material furnished by such tenant, guardian, or other person on his own account. In that case, the constitutionality of the said statute, when so construed, was not considered, but in the Gidden case, supra, it was held that to construe the statute—as was done in the Tompkins case—to mean that it created a materialmen's lien on an entire building for material furnished for the partial construction, or the alteration and repair, of a building by a person other than the owner on his own account, would render the statute unconstitutional as taking property without due process. No vested rights flow from, or are acquired by, the enactment of an unconstitutional statute, and the rights by the appellee materialman under the construction of the statute in the Tompkins case were no greater than would have been acquired in the first instance by the enactment of an unconstitutional statute; consequently, the suggestion of error will be overruled.

Overruled.