ALEXANDER v. BECKER ROOFING CO.

(Division B. Feb. 27, 1933.)

[146 So. 301. No. 30460.]

W. M. Lofton, of Mendenhall, for appellant.

Alexander, Alexander & Satterfield, of Jackson, for appellee.

650

Argued orally by **Wm. Lofton**, for the appellant, and **J. C. Satterfield**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is an action seeking to establish a materialmen's lien upon a residence and one acre of land upon which the residence is situated. The property is owned by the wife, the appellant here, but the contract was made by the husband without the wife's consent. It is true that at the time the contract was made the wife knew that her husband and the salesman for appellee were discussing the subject, and that the wife then objected to a composition roof which was the kind of roof that was

being offered by the salesman, and it is also true that the wife was on the same day advised by her husband that he had made a contract for the composition roof, and that on the next day, when the workmen of appellee appeared on the scene and began the work of placing the roof on the house, the wife made no objection, and was constantly present while the work was being done and until completed.

On the trial in the circuit court a peremptory instruction was granted in favor of the materialman, and the wife has appealed. To support the action of the court, the argument is again made, which has often heretofore been presented in similar cases, that the wife is estopped because she did not inform the salesman that the property belonged to her and not to her husband; that she did not inform the agent, whom she saw and knew was dealing with her husband that the husband would not be authorized to contract for her in respect to the matter under consideration, and that she did not object to the work while it was being done, although she was present. We have held in recent cases that the property of the wife is not liable under such a state of facts. Stubbs v. Capital Paint & Glass Co., 160 Miss. 832, 131 So. 806, 135 So. 495; Chears Floor & Screen Co. v. Gidden, 159 Miss. 288, 296, 131 So. 426, 428. In the Chears case, in quoting with approval from Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016, we used the following language: "In Wilson v. Andalusia Mfg. Co., supra, the wife not only knew of the repairs which her husband was having done on her property, and said nothing, but was constantly present while the work was being done, and gave directions as to how it should be done. In deciding the case, the court, while not commending the conduct of the wife and husband, said: 'Yet, the law's long-established rules should not be wrenched from their effects or denied efficacy to avert what proper caution and precaution on the part of the materialmen would

have made impossible in this instance. The materialmen should have ascertained beforehand that the proposed improvement was to be of property not owned by the husband. To their lack of care for their own interests is to be attributed the opportunity this husband and wife have been afforded to receive the benefit of the improvement at the expense in part of the materialmen.' '' That the materialman took no such precautions here, but was all along under the impression that the property was owned by the husband, and that the contract was for his sole account as principal, and that the materialman was looking to him alone for payment, is very satisfactorily evidenced by the fact that, when this suit was filed, it was instituted solely against the husband, with the allegation that he had made the contract for himself, and that it was his property that was liable for the materials furnished; and it was not until two months later that by an amendment the wife was brought in as a party and the allegation was then made that the contract was her contract, made by her husband as her agent.

It is said in the briefs, and was urged in the oral argument, in the further effort to hold the wife's property, that the husband, on the same afternoon that he made the contract, had told his wife that in doing so he had acted as her agent, and that, although the wife denied on the trial that her husband was authorized to act as her agent, she did not deny that her husband had informed her that he had in fact assumed to act as her agent in making the contract. Upon this basis it is argued that it was the duty of the wife seasonably to repudiate the assumption on the part of the husband to act as her agent, and that being informed by her husband as aforesaid, when she permitted the work to be done and the materials furnished without objection, she was thereupon estopped to say that her husband was not her agent in the matter.

If the facts as stated in the foregoing paragraph were verified by this record, it may be that the position taken by appellee in its said argument would be tenable; but a most diligent search of this record fails to disclose evidence that the husband made any such statement to his wife or that any language used by him to her carries any inference equal in actual or legal effect to the alleged statement attributed to the husband in the respect mentioned.

In the light of the latest decisions of this court on the point here involved, there is no liability against the wife or her property, and judgment to that effect will be entered here.

Reversed, and judgment here for appellant.